519 A.2d 438

**John & Gloria VERSAK**

v.

**Antoinette WASHINGTON and Kevin Hill, Appellants.**

Superior Court of Pennsylvania.

Submitted Sept. 2, 1986.

Filed Dec. 22, 1986.

Frank D. Branella, Philadelphia, for appellants.

Kevin Livesay, Philadelphia, for appellees.

Before WATKINS, HOFFMAN and HESTER, JJ.

HESTER, Judge:

This appeal is from an order entered October 18, 1985, denying appellants' petition to open default judgment. We reverse and order that the judgment be opened.

On December 7, 1983, the automobile in which appellants, Antoinette Washington and Kevin Hill, were riding collided with the vehicle occupied by appellees, John and Gloria Versak. On December 14, 1983, appellees filed a claim in the Philadelphia Municipal Court against appellants for $476.18 in property damage. Appellants did not appear at the hearing scheduled for January 24, 1984, and the municipal court entered a default judgment for appellees in the requested amount. On January 25, 1984, the municipal court sent a notice to appellants, stating that a judgment had been entered against them and advising of the proper procedure to satisfy the judgment.

On February 6, 1984, appellants filed an appeal from the judgment of the municipal court to the Court of Common Pleas of Philadelphia County. On May 31, 1985, appellants filed a petition to open judgment in the municipal court, which was the correct procedure to obtain review of the judgment. The municipal court entered a rule to show cause why the judgment should not be opened, returnable June 20, 1985. On that date, the municipal court, without opinion, denied appellants' petition. The record contains no transcript of the proceedings held on June 20, 1985. On July 18, 1985, appellants filed an appeal from the refusal to open the default judgment to the Court of Common Pleas of Philadelphia County. This appeal followed the common pleas court's affirmance of the municipal court's determination.

In their petition to open judgment, appellants alleged the following: They forwarded their copy of the statement of claim filed in the municipal court in December, 1983, to their attorney. This statement, which contained notice of the January 24, 1984 hearing, was received by the attorney on an unknown date before February 6, 1984. Appellants believed that by forwarding the statement to the attorney,

their interests were adequtely represented, and they did not attend the January 24th hearing. Upon receipt of the notice that judgment had been entered, the attorney, acting upon erroneous advice by the municipal court clerk, filed a direct appeal to the court of common pleas instead of a petition to open in the municipal court. In May, 1985, counsel for appellees advised appellants that he would raise the default judgment as a *res judicata* or collateral estoppel bar to a claim pending by appellants against appellees arising out of the same traffic accident. Appellants' counsel then realized that he had proceeded incorrectly in 1984. Appellants also allege that they were not negligent in causing the accident, but, on the contrary, alleged that appellees' negligence was the proximate cause of the incident. This presents a valid defense to the claim.

■ A petition to open default judgment should be granted if the petition has been promptly filed, the default can be reasonably explained or excused, and the existance of a meritorious defense to the underlying substantive claim is shown. *Wolfskill v. Egan*, 350 Pa.Super. 223, 504 A.2d 326 (1986).

The court of common pleas, sitting as an appellate court, found that appellants had a meritorious defense to the claim which was the subject of the default. The court refused to disturb the municipal court's decision, however, stating only that appellants had "failed to satisfy either of the two remaining criteria." Trial court opinion at 3, Reproduced record at A-4.

Appellees' sole argument on the issue of delay is that the sixteen month postponement in filing the petition to open is "impossible ... to be considered prompt." Appellees' brief at 4. They contend that appellants' direct appeal from the judgment is irrelevant because the Philadelphia Civil Rules clearly set forth the proper procedure to follow when default judgment is taken. Appellees further argue that appellants have failed to provide a reasonable excuse for not appearing at the January 24 hearing in that they were unjustified in relying upon counsel to proceed without them.

■ A petition to open default judgment is an appeal to the court's equitable powers. While a·trial court decision will not be disturbed absent abuse of discretion, we act as a court of conscience in this instance. *Brooks v. Surman Dental Lab, Inc.*, 262 Pa.Super. 369, 396 A.2d 799 (1979). Moreover, we have not hesitated to find an abuse of discretion where the equities favor opening judgment. *Provident Credit Corp. v. Young*, 300 Pa.Super. 117, 446 A.2d 257 (1982). We hold that the trial court's decision is inconsistent with the equities in this case and that it abused its discretion in failing to open the judgment.

The common pleas court, acting as an appellate court, concluded, without a hearing or an opinion by the municipal court, that appellants failed to explain both their delay in filing the petition and their failure to appear at the hearing where default was entered. We disagree.

■ The explanation offered for delay in filing the petition to open judgment was the mistake by appellants' attorney. Appellants did promptly file a direct appeal in the Court of Common Pleas on February 6, 1984, from the January 24, 1984 judgment. Their counsel failed to follow the proper procedure to obtain review of the judgment. The Pennsylvania Supreme Court has held, however, that a negligent mistake regarding the law by counsel is a sufficient explanation for a delay in filing a petition to open judgment where, as here, default judgment was entered on the date defendant's failure to take action occurred and was entered without notice of intent to take default. *Queen City Electric Supply Co. v. Soltis Electric Co.*, 491 Pa. 354, 421 A.2d 174 (1980).

■ Appellees are incorrect in asserting that a sixteen month delay can never be considered prompt. *Provident Credit Corp. v. Young, supra* (thirty-five month delay); *Queen City Electric Supply Co. v. Soltis Electric Co., supra* (twenty-two month delay); *Sprouse v. Kline Styer-McCann*, 237 Pa.Super. 419, 352 A.2d 134 (1975) (nineteen month delay). The test regarding delay is not based upon the length of the delay, but upon *excuse* for the delay.

*Butterbaugh v. Westons Shopper City, Inc.,* 300 Pa.Super. 331, 446 A.2d 641 (1982). In this case, the record is clear that counsel filed an appeal promptly after judgment was entered. His actions were not entirely unreasonable, since the notice of judgment did not state that it was a "default" judgment. Thus, the delay in this case is not unexcused. *Cf. Schutte v. Valley Bargain Center, Inc.,* 248 Pa.Super. 532, 375 A.2d 368 (1977).

In addition, appellees could not have been prejudiced by the delay; they were placed on notice as a result of appellants' filing the direct appeal that appellants were seeking review of the judgment. In the meantime, they made no attempt to collect on their judgment during the sixteen month period. *See Queen City Electric Supply Co. v. Soltis Electric Co.,* 491 Pa. 354, 421 A.2d 174 (1980), where lack of prejudice was a key consideration in the Pennsylvania Supreme Court's decision to open a default judgment.

■ We also disagree that appellants failed to explain the reason that default judgment was entered. They mailed the municipal court summons to their counsel and justifiably relied on him to protect their interests. Contrary to appellees' assertion, clients are entitled to such reliance. *Provident Credit Corp. v. Young, supra,* 300 Pa.Super. at 127, 446 A.2d at 262. ("[A]ppellant had the right to believe that her interests were being protected by this lawyer."); *Commonwealth Department of Transportation v. Nemeth,* 497 Pa. 580, 584, 442 A.2d 689, 691 (1982) ("Any person entrusting a matter to an attorney in this Commonwealth should be able to believe that the matter will be competently and diligently handled.").

■ Counsel's failure to appear at the hearing was obviously inadvertent. He promptly attempted to remedy the entry of the default judgment when he received notice of it. Errors indicating an oversight by counsel are sufficient to explain entry of default judgment. *See e.g., Cione v. Skyline Corp.,* 293 Pa.Super. 470, 439 A.2d 672 (1981) (inadvertent failure to communicate regarding attorney's representation of former client in case under consideration was

sufficient explanation for failure to file an answer). In fact, pertinent case law reveals that the power to open judgment should be exercised when the default is the result of oversight or mistake by counsel. *Commonwealth Department of Transportation v. Nemeth, supra* (attorney's neglect of client's affairs was sufficient to explain entry of default judgment); *see also Bildstein v. McGlinn,* 320 Pa.Super. 416, 467 A.2d 601 (1983).

Here the record establishes that appellants' attorney did not make a deliberate decision not to defend the suit, which would preclude opening the judgment. *See Keystone Boiler Works, Inc. v. Combustion & Energy Corp.,* 294 Pa.Super. 145, 439 A.2d 792 (1982) (attorney intentionally failed to defend suit instituted in Pennsylvania so he could attack judgment in New York, the "home" state); *Nevils v. Chernitsky,* 244 Pa.Super. 501, 368 A.2d 1297 (1976) (attorney deliberately did not defend action because client was judgment proof at the time suit was instituted). Thus, appellants have offered a reasonable explanation for entry of default.

We have noted that "[t]he rules permitting the entry of default judgments were designed to prevent a dilatory defendant from unreasonably thwarting plaintiff's efforts to establish a claim. They were not intended to provide the plaintiff with a means of gaining a judgment without the difficulties which arise from litigation." *Bildstein v. McGlinn, supra,* 320 Pa.Super. at 420, 467 A.2d at 603.

The record in this case shows that counsel's failure to attend the hearing was a mistake rather than a decision to delay the proceedings to prevent appellees from establishing their claim. As all requirements to open judgment are present, *Wolfskill v. Egan, supra,* the default judgment should be opened. *See Ackerman v. Port Authority,* 323 Pa.Super. 375, 470 A.2d 640 (1984); *Brusco Funeral Home v. Sicilia,* 277 Pa.Super. 115, 419 A.2d 688 (1980).

Order reversed. Judgment opened. Jurisdiction relinquished.