549 A.2d 600

Ann B. ESSLINGER, Administratrix of, for and on Behalf of the Estate of James E. Esslinger, Deceased, For the Maintenance of an Action Under the Pennsylvania Survival Statute and Ann B. Esslinger, Administratrix of the Estate of James E. Esslinger, Deceased, For and on Behalf of all Entitled to Recover Under the Pennsylvania Wrongful Death Statute, Appellant,

v.

SUN REFINING AND MARKETING COMPANY, a Corp. of the Commonwealth of Pennsylvania; Carl E. Widell & Son, Inc., a Corp. of New Jersey; the Milwhite Co., Inc., a Corp. of the State of Texas; Max B. Miller & Co., Inc., a Corp. of Delaware; Sun Company, Inc., a Corp. of Delaware; Sun Company, Inc., a Corp. of the Commonwealth of Pennsylvania; Sun Oil Company, a Corp. of Delaware; Sun Exploration and Production Company of Pennsylvania, Inc., a Corp. of the Commonwealth of Pennsylvania; Sun Exploration and Production Company, a Corp. of Delaware; Frederick Baker, Individually and t/a Baker Construction Company and Baker Construction Company; E.I. Dupont Denemours & Company; Coyne International Enterprises Corp.; Workrite Uniform Company, and Rubin Brothers, Inc.

Ann B. ESSLINGER, Administratrix of, for and on Behalf of the Estate of James E. Esslinger, Deceased, for the Maintenance of an Action Under the Pennsylvania Survival Statute and Ann B. Esslinger, Administratrix of the Estate of James E. Esslinger, Deceased, For and on Behalf of all Entitled to Recover Under the Pennsylvania Wrongful Death Statute,

v.

SUN REFINING AND MARKETING COMPANY, A Corporation of the Commonwealth of Pennsylvania, c/o C.T. Corporation Systems; Carl E. Widell & Son, Inc., A Corporation of the State of New Jersey; the Milwhite Co., Inc., A Corporation of the State of Texas; Max B. Miller & Co., Inc., A Corporation of the State of Delaware; Sun Company, Inc., A Corporation of the State of Delaware; Sun Company, Inc., A Corporation of the State of Pennsylvania; Sun Oil Company, A Corporation of the State of Delaware; Sun Exploration and Production Company of Pennsylvania, Inc., A Corporation of the State of Pennsylvania; Sun Exploration and Production Company, A Corporation of the State of Delaware; Frederick Baker, Individually and t/a Baker Construction Company

and Baker Construction Company; E.I. Dupont Denemours & Company c/o C.T. Corporation; Coyne International Enterprises Corporation; Workrite Uniform Company; and Rubin Brothers, Inc.

Appeal of Frederick K. BAKER, Individually and t/a Baker Construction and Baker Construction Company.

Superior Court of Pennsylvania.

Argued Sept. 15, 1988.

Filed Oct. 28, 1988.

Susan Danielski and Christopher C. Fallon, Jr., Philadelphia, for Esslinger, appellant.

William E. Gordon, Jr., Wilmington, for Dupont, appellee.

William F. Hosten, II, Media, and Gary S. Seflin, Philadelphia, for Baker, appellant and appellee.

George J. McConchie, Media, for Workrite, appellee.

Alan Belfus, Philadelphia, for Coyne, appellee.

Thomas R. Harrington, Philadelphia, for Rubin, appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

Appellant Frederick Baker, individually and t/a Baker Construction and Baker Construction Company (hereinafter "Baker"), appeals from an order granting appellant Ann B. Esslinger's (hereinafter "Esslinger") petition to open judgment of *non pros*. Esslinger cross-appeals from the trial court's denial of her motion to strike the judgment of *non pros*. We affirm.

On April 1, 1985, Esslinger, Administratrix of the Estate of James E. Esslinger, filed a praecipe for summons against various defendants including Baker. Esslinger commenced this action as a consequence of the injuries sustained by and the resultant death of James Esslinger in an explosion and fire at the Tin Refinery on March 22, 1983. On August 29, 1985, Baker filed a document captioned as "Rule to File Complaint" wherein Baker sought to have a Rule entered upon Esslinger to file a complaint within twenty (20) days or suffer a judgment of *non pros*. Subsequently, on December 17, 1985, a praecipe to enter judgment of *non pros* was filed on behalf of Baker. A notation on the record indicates that notice pursuant to Pa.R.Civ.P. 236 was given.

On March 5, 1987, plaintiff filed a petition to open or strike the judgment of *non pros*. An amended petition was

filed on March 9, 1987. Following the filing of answers to the petition, the trial court granted the petition to open the judgment and denied the petition to strike. Esslinger filed a complaint on April 20, 1987. A timely appeal from the order granting the petition to open was filed by Baker on May 8, 1987, no. 1508 Philadelphia 1987. Esslinger then filed the appeal listed at no. 1375 Philadelphia 1987 from the order denying her petition to strike the judgment.

Baker asserts that the trial court abused its discretion in opening the judgment of *non pros.* A petition to open a judgment of *non pros* is directed to the equitable powers of the court *Geyer v. Steinbronn,* 351 Pa.Super. 536, 506 A.2d 901 (1986). The decision to grant or refuse a petition to open a judgment of *non pros* rests within the discretion of the trial court, and its decision will not be reversed absent an abuse of discretion. *First Valley Bank v. Steinmann,* 253 Pa.Super. 8, 384 A.2d 949 (1978).

In support of his argument that the trial court erred in granting the petition to open, Baker submits that the petition to open was untimely as it was filed more than fifteen (15) months after the entry of the judgment of *non pros.* Baker further argues that no reasonable explanation has been offered to excuse the failure to promptly move to open the judgment, nor has plaintiff established a reasonable explanation for her failure to file a complaint. Esslinger contends that she has met the requirements for the opening of judgment of *non pros.*

■ The three requirements that must be satisfied in order to open a judgment of *non pros* are firmly established: (1) the petition to open must be promptly filed; (2) a reasonable explanation or excuse must be offered for the petitioner's defective conduct; and (3) facts constituting grounds for the petitioner's underlying cause of action must be alleged. *Wurster v. Peters,* 318 Pa.Super. 46, 464 A.2d 510 (1983); *Geyer v. Steinbronn, supra.*

■ Clearly, the record indicates a significant delay in the filing of the petition to open the judgment. We find,

however, for the reasons that follow, that the trial court did not abuse its discretion in granting the petition to open. As noted by the trial court, the timeliness of the petition to open should be measured in terms of the reasonableness of the explanations given for the delay and not merely the fact or length of the delay itself. *Alston v. Philadelphia Electric Company*, 337 Pa.Super. 46, 486 A.2d 473 (1984). "The test regarding delay is not based upon the length of the delay, but upon the excuse for the delay." *Versak v. Washington*, 359 Pa.Super. 454, 519 A.2d 438 (1986), citing *Butterbaugh v. Westons Shopper City, Inc.*, 300 Pa.Super. 331, 446 A.2d 641 (1982).

In support of its finding that the petition to open was timely filed, the trial court took into consideration Esslinger's reliance on her counsel's representations that the lawsuit was being diligently pursued; the fact that Esslinger was not aware of the demand that a complaint be filed until well after she became aware of the entry of the judgments of *non pros;* and the fact that after she became aware of the real status of the case, Esslinger retained new counsel, who filed a petition to open the judgment. Opinion, McGovern, J., April, 7, 1988, at 4–7.

Next, the trial court determined that the failure to file a complaint was a result of plaintiff's counsel's non-feasance. While it is true that a litigant is generally bound by the actions or inactions of his/her counsel, a litigant placing his/her case in the hands of a reputable counsel should not be turned out of court if the delay complained of was almost entirely on account of the neglect or oversight of counsel. *White v. Alston*, 231 Pa.Super. 438, 331 A.2d 765 (1974); *Poluka v. Cole*, 222 Pa.Super. 500, 295 A.2d 132 (1972). Attorney neglect may provide a sufficient basis on which to justify a party's failure to respond to process, particularly where there have been no negotiations or attempts by the opposing party to draw the attention of counsel to the case. *Buxbaum v. Peguero*, 335 Pa.Super. 289, 484 A.2d 137 (1984). "In fact, pertinent case law reveals that the power to open judgment should be exer-

cised when the default is the result of oversight or mistake by counsel." *Versak, supra,* 359 Pa.Super. at 458, 519 A.2d at 441, citing *Commonwealth Department of Transportation v. Nemeth,* 497 Pa. 580, 584, 442 A.2d 689, 691 (1982). While it does appear from the record that some correspondence took place between Esslinger's counsel and that of the various defendants (including Baker) with respect to the course of the litigation, nothing on the record indicates that knowledge of this correspondence could be attributed to Esslinger.

Finally, Esslinger has filed a complaint which establishes that she has sufficient facts to support the underlying cause of action. This factor was recognized by the trial court. Because Esslinger met all of the criteria for opening the judgment, the trial court did not err in opening the judgment.

■ Esslinger cross-appeals from the order denying the petition to strike. A judgment of *non pros* may only be stricken when there are defects apparent on the face of the record. *Ruehl v. Maxwell Steel Co.,* 327 Pa.Super. 39, 474 A.2d 1162 (1984). Esslinger argues that the trial court committed an error of law in refusing to strike the judgment because of three defects in the record: (1) the rule to file a complaint was not signed by the prothonotary; (2) the appellant was not properly served with a copy of a properly issued rule to file a complaint; and (3) the appellant did not personally receive actual notice of Baker's intent to secure a judgment of non pros, nor did her attorney of record receive timely written notice.

■ Esslinger contends that the rule to file a complaint must be signed by the prothonotary. She cites the language of Pa.R.C.P. 1037(a): "If an action is not commenced by a complaint, the *prothonotary,* upon praecipe of the defendant, *shall enter a rule* upon the plaintiff to file a complaint." (Emphasis added.) Esslinger argues that the document is defective because the only signature upon it is that of Baker's counsel, who did not have the authority to sign it. Our interpretation of the rule and scrutiny of the

record, however, belie Esslinger's contention. The rule does not overtly mandate a signature by the prothonotary, and we refuse to interpret the rule as requiring a signature. While in most cases the prothonotary may sign the document, we do not find that the absence of a signature, when the record reflects that the prothonotary entered the rule to file a complaint, rises to the level of a defect sufficient to support striking the judgment of *non pros.*

■ Next, Esslinger alleges as a defect the fact that she was not properly served with a copy of a properly issued rule to file a complaint. She asserts that the record does not contain sworn proof that a properly issued rule was served on her or her counsel and such service is required under Pa.R.C.P. 1037(a). Because of this defect, appellant argues that the prothonotary lacked authority to issue the judgment of *non pros. Hershey v. Segro,* 252 Pa.Super. 240, 381 A.2d 478 (1977).

We find, however, that *Hershey* can be factually distinguished from the instant situation. In *Hershey,* judgment *non pros* was granted even though the moving party had not entered a rule to file a complaint. The judgment of *non pros* was stricken for this reason. *Id.,* 252 Pa.Superior Ct. at 243, 381 A.2d at 479.

Further, we determine that Esslinger's argument is meritless because Esslinger's counsel testified that he actually received the rule to file a complaint. After testifying that he had received a rule to file a complaint from other defendants in the action (signed by the office of Judicial Support), appellant's counsel, Mr. McFadden, testified as follows:

Q. Okay. And what did you receive with that letter?

A. I received a document in the Esslinger case that was signed by William F. Holsten, an attorney here in Media, on behalf of Frederick K. Baker Company.

Q. Would you read that document please?

A. The top of the document has the Court of Common Pleas of Delaware County, Pennsylvania, Civil Action

Law and then recited are the names of the parties, Ann B. Esslinger versus Sun Refining and Marketing Company et al.

Q. Would you move on beyond the parties and tell us what the document reads?

A. After that there's a caption that says, "Rule to file a Complaint to the Office of Judicial Support and a rule upon the Plaintiff in the above entitled case to file a Complaint within twenty days from service hereof or otherwise suffer a judgment of non pros."

Q. Is there any further writing on the bottom of that document?

A. No.

Q. Is there a rule to file a Complaint that is attached to that document which was signed by a person in the Office of Judicial Support?

A. No.

Transcript at 12–13. Because Esslinger was actually served with the rule to file a complaint, therefore, Esslinger's contention is without merit. *See Storm v. Golden,* 338 Pa.Super. 570, 488 A.2d 39 (1985).

■ Finally, Esslinger argues that neither she nor her attorney of record received proper notice of Baker's intent to secure a judgment *non pros.* She contends that because a judgment of *non pros* is a default judgment, Pa.R.C.P. 237.1 requires that written notice of intention to file a praecipe for the judgment must be mailed to the party *and* her counsel ten days before the entry of judgment. She maintains that she never received this written notice and that her counsel received a copy of the praecipe for entry of judgment on the same day that it was filed.

Our review of the explanatory note that follows Pa.R.C.P. 237.1, however, indicates that the Rule does not apply to the entry of a judgment non pros:

A familiar illustration of a situation where notice is not required is a judgment of non pros under Rule 1037(a). Where an action is commenced by a writ of summons

without a complaint, a defendant by praecipe may enter a rule as of course upon the plaintiff to file a complaint within twenty days after service of the rule or suffer judgment of non pros. Upon failure to file the complaint within the time fixed, the defendant can proceed by praecipe to have a judgment of non pros entered by the prothonotary. Here, a further notice of intent to enter the default would be unjustified. The plaintiff has already received a twenty-day notice.

The trial court also utilized this portion of the explanatory notes in its analysis. It correctly found that because Esslinger received actual notice twenty days prior to the entry of judgment, it would be unnecessary to require an additional ten days' notice. As there are no defects on the face of the record, the petition to strike was properly denied.

ORDER AFFIRMED.