## Palese v. York-Adams Area Council 544

*Ralph B. Pinskey,* for plaintiff.
*Franklin A. Miles Jr.,* for defendant.

KUHN, *J.,* January 5, 1993—On April 11, 1990, plaintiff filed a complaint in the District Court for the Middle District of Pennsylvania against defendant alleging employment discrimination under both federal, Title VII, 42 U.S.C. §2000(e) et seq. and state, Pennsylvania Human Relations Act, 43 P.S. §951 et seq. law. On February 19, 1991, the District Court, pursuant to a motion for summary judgment, determined that defendant was not an employer under Title VII, dismissed the federal claim and, in turn, dismissed the state claim for lack of subject matter jurisdiction.

Subsequently on September 26, 1991, plaintiff transferred the state claim to this court pursuant to the provisions of 42 Pa.C.S. §5103(b). Defendant seeks dismissal of the state claim by asserting that the transfer was not effectuated in a timely manner.

The aforementioned statutory provision provides in pertinent part as follows:

"§5103. *Transfer of erroneously filed matters*—

"(b) Federal cases ...

"When a matter is filed in the U.S. court for a district embracing any part of this Commonwealth and the matter is dismissed by the U.S. court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court ... of this Commonwealth by complying with the transfer provisions set forth in paragraph (2)."

Unfortunately this section places no time limitation upon the transfer.

In a case involving facts dissimilar to the case sub judice, the Superior Court noted:

"Given the dearth of case law interpreting the provisions of 42 Pa.C.S §5103 ... we do not believe that appellants should suffer the harsh result of dismissal of their cause of action. However, for benefit of both bench and bar, we now emphasize that in order to protect the timeliness of an action under 42 Pa.C.S. §5103, a litigant, upon having his case dismissed in federal court for lack of jurisdiction, *must promptly file* a certified transcript of the final judgment of the federal court and, at the same time, a certified transcript of the pleadings from the federal action, *Williams v. F.L. Smithe Machine Co. Inc.,* 395 Pa. Super. 511, 516, 577 A.2d 907, 910 (1990) *alloc. den.,* 593 A.2d 422 (1991)." (emphasis added)

In a footnote the court urged the Legislature to include a time limit in section 5103. To date, no such limitation has been added. Unfortunately, Superior Court gave no further hint as to what constitutes a prompt filing. I must, therefore, determine whether 219 days constitutes a prompt filing.

Defendant urges this court to determine that any delay over 30 days is not prompt. It reasons that under federal rules one must appeal a final judgment dismissing a case within 30 days or the action ceases to exist. Plaintiff advances argument that two years should be available

where the statute poses no time limit referring, by analogy, to Local Rule 10 allowing termination of cases which have been inactive for two years. I reject outright defendant's position. Superior Court certainly did not equate promptness with two years. Whether 30 days is an appropriate measurement need not be determined in this case.

The policy behind section 5103 is to protect a litigant who files a timely action in federal court, which is later dismissed for lack of jurisdiction, being able to prosecute that claim on its merits without fear of dismissal caused by refiling in another jurisdiction after expiration of the period of limitations. *Suburban Roofing Co. Inc. v. Day & Zimmerman,* 578 F. Supp. 374, 375 (E.D. Pa. 1984). Without having benefit of counsel's argument on this point, I suspect the limitations period available under the P.H.R.A. 43 P.S. §962, may be of concern to plaintiff.

One area where parties are required to act promptly is in the opening of a judgment of non pros or a default judgment. *Narducci v. Mason's Discount Store,* 518 Pa. 94, 541 A.2d 323 (1988), *McFarland v. Whitman,* 518 Pa. 496, 544 A.2d 929 (1988). There, decisions are made on a case by case basis without clear delineation of what constitutes promptness. Generally, however, timeliness is measured not merely by the length of the delay but by the excuse for the delay, *Esslinger v. Sun Refining & Marketing Co.,* 379 Pa. Super. 69, 74, 549 A.2d 600, 603 (1988).

Here plaintiff's counsel admitted in an affidavit that: (1) after the order of the District Court dismissing this matter, he set this case aside to deal with other matters; (2) he was familiar with section 5103 but never read the *Williams* case, *supra*; and (3) plaintiff made numerous calls to him inquiring of the status of the transfer to this court and whether prejudice would arise if action

was not taken. This explanation does not justify counsel's failure to act promptly but does indicate that failure to act was not caused by plaintiff. Certainly periods much shorter than seven months have not been considered prompt. See cases cited in *Narducci, supra.* However, there is also suggestion that where counsel but not the client is neglectful or dilatory, the court will not punish the client. See cases cited in *McFarland, supra,* and *Esslinger, supra.*

Without having the benefit of legislative action or clearer appellate court direction, I feel the equities and lack of substantive prejudice to defendant compels rejection of the instant motion. I do this with much reluctance because I am hard pressed to appreciate counsel's failure to perform the simple ministerial act of certified record transfer for seven months, especially when urged to do so by his client, and then to assert as an excuse ignorance of the instructive language in *Williams.* However, my reluctance is tempered by the general public's growing lack of confidence in the legal profession. Confidence will not be bolstered by dismissing a case on procedural grounds rather than on the merits where the statute provides no time limit to act and the most the judiciary can do is urge promptness and legislative corrective action. This may not seem fair to defendant and others similarly situated who are left to wonder whether potential claims are ever put to rest. Sympathy, however, cannot replace equity in this case.

Accordingly, the attached order is entered.

## ORDER

And now, January 5, 1993, defendant's motion to dismiss is denied.

Defendant is granted 20 days from the date of mailing of this order to file a responsive pleading.