## Alpaugh v. Koch

*Martina W. McLaughlin,* for plaintiff.

*Benjamin A. Post* and *Tara A. Reid,* for defendants Mercy Hospital/Mercy Health Partners.

*Patrick C. Carey,* for defendant Von Koch.

MINORA, *J.,* August 10, 2005—Before the court is the plaintiff's petition to strike off and/or open judgment of non pros regarding claims against the defendants, Mercy Health Partners—Northeast Region and Mercy Hospital—Scranton. Judgment of non pros was entered by the Lackawanna County Clerk of Judicial Records against plaintiff and in favor of the defendants on December 29, 2004. The interested parties have submitted written arguments and briefs upon which oral argument was held before this court on June 6, 2005. For the reasons set forth below, the requested relief will be granted pursuant to the attached order.

## STATEMENT OF THE CASE

The instant action was commenced by the plaintiff, Madeline Alpaugh, by complaint filed on October 27, 2004. Therein, the plaintiff asserts medical negligence claims of vicarious liability, direct liability and corporate negligence. Specifically, Count I asserted against defendant, Lear Von Koch M.D. and Lear Von Koch M.D. and Associates, is grounded in medical negligence and vicarious liability for Lear Von Koch M.D., his agents, servants and/or employees. The second count asserted is against defendants, Mercy Hospital—Scranton and Mercy Health Partners—Northeast Region (Mercy defendants) and is based upon the medical negligence of these defendants and vicarious liability for the actual, apparent or ostensible agents, servants and/or their em-

ployees. Count III is asserted against the Mercy defendants and is centered upon corporate negligence. The defendant, Lear Von Koch M.D. is a duly licensed physician of the Commonwealth of Pennsylvania. The defendants, Mercy Hospital—Scranton and Mercy Health Partners—Northeast Region are both Pennsylvania corporations which at all times relevant to this action, have been engaged in the business of providing health care services as a hospital.

The circumstances that led to the filing of the complaint are as follows. The plaintiff, Mrs. Alpaugh, a patient of Dr. Lear Von Koch, was examined and advised that she undergo surgery to correct her condition known as moderately severe mitral valve insufficiency with mild mitral stenosis. The plaintiff consented to cardiothoracic surgery for replacement of the mitral valve which was performed by Dr. Koch at the Mercy Hospital—Scranton on October 31, 2002. As alleged, the defendants failed to diagnose the postoperative bleeding suffered by the plaintiff after completion of surgery and as a result, the plaintiff suffered cardiopulmonary arrest leading to brain damage negatively impacting the plaintiff's motor and cognitive functions.

In the plaintiff's complaint, she includes the individuals, by name or description, who acted as agents, servants or employees of the Mercy defendants at all relevant times to this matter. (See complaint/amended complaint ¶¶9, 10.)[1] On November 3, 2004, the plaintiff filed a cer-

---

1. In Count II, ¶82, the plaintiff incorporates by reference ¶¶1-81 as though set forth in full. Furthermore, ¶83, subparagraphs (a) though (oo) identify the specific failures to act made by the defendants including the doctors, nurses and assistants.

tificate of merit, verified by the plaintiff's attorney and listed all defendants including the Mercy defendants.[2] The plaintiff followed the prerequisites of Pa.R.C.P. 1042.3, to file a certificate of merit, and obtained affidavits of merit regarding the inadequate health care provided by Lear Von Koch M.D. and the health care professionals at Mercy Hospital on October 31 through November 1, 2002. (See Pa.R.C.P. 1042.3(a) (1).)

The Mercy defendants filed a praecipe for entry of judgment of non pros on December 29, 2004, with the Lackawanna County Clerk of Judicial Records. Therein, the Mercy defendants contested the plaintiff's compliance with the requirements of Pa.R.C.P. 1042.3 regarding the plaintiff's claims of vicarious liability as to the Mercy defendants. The defendants declared in their praecipe that the plaintiff failed to file a certificate of merit regarding the claims of agency, specifically indicating that the Mercy defendants deviated from the acceptable professional standards supported by allegations that other licensed professionals deviated from their acceptable standards of whom the Mercy defendants retain responsibility and control. On December 29, 2004, the clerk of judicial records entered judgment of non pros

2. Certificate of merit as to defendants Lear Von Koch M.D., Lear Von Koch M.D. and Associates, Mercy Health Partners—Northeast Region, and Mercy Hospital—Scranton

"I, Martina M. McLaughlin, Esquire, certify that appropriate licensed professionals have supplied written statements to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by these defendants in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm."

regarding the professional liability claim asserted against the Mercy defendants. At present, the plaintiff asks the court to strike the judgment of non pros, or, alternatively, open the judgment of non pros.

## Certificate of Merit

The certificate of merit is a procedural requirement applicable in medical liability actions wherein it is alleged that licensed professionals deviated from the acceptable standards of professional conduct and responsibility. Pa.R.C.P. 1042.3. The rule requires that the plaintiff file a certificate of merit with the complaint or within 60 days, whereby a licensed professional believes that the complained-of actions fell outside the acceptable standards of professional conduct. Pa.R.C.P. 1042.3(a); see also, (*News Release, Supreme Court of Pennsylvania* as attached as exhibit "A" to plaintiff's brief in support of petition to strike off and/or open judgment of non pros). The rule itself provides several options in filing the certificate of merit listed under Pa.R.C.P. 1042.3(a) and (b). Subsection Pa.R.C.P. 1042.3(a) commands that *a certificate of merit* be filed that *either* complies with subsection 1042.3(a)(1), (2) or (3). (emphasis added) Therefore, subsection (a) must be applied as a disjunctive rule. Pa.R.C.P. 1042.3(a)(1) commands that an appropriate licensed professional supply a written statement providing that there is a reasonable probability the complained-of acts did fall outside the acceptable standard of professional conduct and caused the complained-of injury. Pa.R.C.P. 1042.3(a)(2) requires a certificate be filed for, "the claim that a defendant who deviated from the acceptable professional standards is based *solely* on alle-

gations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard." (emphasis added) Additionally, the third option in which the certificate of merit may be provided may state that expert testimony is unnecessary for the prosecution of the claim. Pa.R.C.P. 1042.3(a)(3). This section is not applicable in the present matter. The alternative in subsection Pa.R.C.P. 1042.3(b) involves filing a separate certificate of merit to each licensed professional against whom a claim is asserted. In deciding which alternative to pursue, 1042.3(a) or 1042.3(b) is a matter of preference, while selecting from among the options listed as subsections 1042.3(a)(1), (2), or (3) is a matter driven by the factual circumstances of the case.

Presently, the plaintiff filed one consolidated certificate of merit delineating all named defendants. These were included in one consolidated certificate of merit encompassing all named defendants. Several different affidavits of merit pertaining to various defendants were secured in support of the one consolidated certificate of merit filed.[3] We must now determine whether the one

___

3. The record provides that the plaintiff obtained an affidavit of merit containing the professional opinion of medical experts that Mercy Hospital, by Dr. Koch and health care professionals failed to act, adopt or enforce rules, policies or procedures to ensure quality care was extended to Mrs. Alpaugh and such breach was a substantial factor in the cause of Alpaugh's injuries. A separate affidavit of merit was supplied by an expert specializing in critical care nursing who was of the professional opinion that the performance of the nursing staff of Mercy was inadequate and below the accepted standards while caring for Alpaugh and that Mercy failed to formulate or adopt and enforce rules, policies or procedures to ensure quality postoperative nursing care was extended to patients that have undergone cardiac surgery. (See

consolidated certificate of merit filed satisfies the procedural rule.

A necessary distinction that must be addressed involves the difference between a certificate of merit and an affidavit of merit. The rules of procedure order the certificate of merit to be filed in a professional liability action. The certificate of merit must be based on the statement of an appropriate licensed professional. Here, those statements have been supplied in the form of several affidavits of merit.[4] The purpose of the procedural rule commanding that a certificate of merit be filed either together with a professional liability claim or within 60 days thereafter is to ensure that only *meritorious* professional liability claims are pursued. (emphasis added) Moreover, the certificate of merit offers proof that the complaining party's assertions are solidified and supported by evidence provided by a professional expert with sufficient

exhibit "F" to plaintiff's petition to strike off and/or open judgment of non pros.)

4. In the present matter, the medical professional opinions supplied as the basis of the certificate of merit have been given in the form of affidavits of merit. Because affidavit of merit is not defined by the rule under scrutiny, we shall turn to the definitions listed under Pa.R.C.P. 76. There, the term affidavit is defined as "a statement in writing of a fact or facts, signed by the person making it, that either (1) is sworn to or affirmed before an officer authorized by law to administer oaths, or before a particular officer or individual designated by law as one before whom it may be taken, and officially certified to in the case of an officer under seal of office, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities." Pa.R.C.P. 76. The court relies upon the statements provided by the medical professionals in both affidavits of merit as sufficient to maintain claims of corporate liability and vicarious liability asserted by this medical professional liability action.

education, training, knowledge and expertise to provide credible testimony. (See note Pa.R.C.P. 1042.3(a)(1).) Therefore, the court may be assured that when a certificate of merit accompanies a complaint, or is later filed in support of a complaint in a malpractice action, competent experts have reviewed the available evidence and have concluded that some form of professional negligence has been committed by the health care provider bringing about the harm or injury to the plaintiff.

The competent expert, as described by the explanatory note to Rule 1042.3(a)(1), in a medical professional liability action, who provides the statement/affidavit of merit supporting the certificate of merit should meet the qualifications set forth in section 512 of the MCARE Act.[5] The requisite expert qualifications an individual needs to be competent to offer an expert medical opinion in a medical professional liability action, include that the person possess sufficient education, training, knowledge and experience to provide credible and competent testimony, retain a license, and be familiar with the applicable standard of care as well as other specific criterion given the subject of testimony to be provided. See 40 P.S. §1303.512(a)-(e). Furthermore, the term "health care provider" includes a primary health care center, corporation, physician, certified nurse midwife, hospital, nursing home or employee or agent of any provider listed within the rule in the course or scope of employment. 40 P.S. §1303.503. The Mercy defendants are health care providers as described by the Medical Care Availability

---

5. Medical Care Availability and Reduction of Error Act, 40 P.S. §1303.512.

and Reduction of Error (MCARE) Act. As no example has been provided in the procedural rules or note describing the competency requirements of an expert providing a professional opinion in regard to the negligence and liability of a medical corporation, we find the requirements to be identical to those described by section 512 of the MCARE Act, 40 P.S. §1303.512.

As further explanation of the application of Pa.R.C.P. 1042.3, Supreme Court Chief Justice Ralph J. Cappy supplied an amendment for the purpose of explaining the present rule and addressing the misconception that the rule requires the plaintiff to file a certificate of merit for each licensed professional involved in the alleged misconduct. (See exhibit "A" to plaintiff's brief in support of petition to strike off and/or open judgment of non pros.) The amendment was made to the note accompanying Pa.R.C.P. 1042.3(a)(2). The amendatory language affirms that the statement supplied in support of the certificate under subparagraph (a)(1) does not have to identify the specific professionals who deviated from the requisite standard of care. The additional language was incorporated into Pa.R.C.P. 1042.3, pursuant to per curiam order dated February 11, 2005, and effective immediately. Although the amendment was adopted after the entry of judgment of non pros, we must note that we are not applying a rule retroactively, but instead instituting the Supreme Court's explanation as guidance to the application of an already existing rule. The Supreme Court in *Laudenberger v. Port Authority of Allegheny County,* 496 Pa. 52, 59, 436 A.2d 147, 151 (1981), clarifies that explanatory notes, "indicate the spirit and motivation behind drafting of the rule, and

they serve as guidelines for understanding the purpose for which the rule was drafted." *Helfrick v. UPMC Shadyside Hospital,* 64 D.&C.4th 129 (2003), and 65 D.&C.4th 420 (2003); *Moore v. Luchsinger,* 862 A.2d 631 (Pa. Super. 2004).

A recent Superior Court decision regarding certificates of merit is *Yee v. Roberts,* 2005 WL 1524965 (Pa. Super. 2005). There, claims of both direct liability and vicarious liability were asserted against a professional dental partnership for failure to properly train and supervise employees and for the negligent acts performed by the employees during the course of their employment duties. The court determined that a certificate of merit must be filed for professional liability actions or vicarious liability actions regarding professional negligence because expert testimony would be required to establish the requisite standards of care applicable to execute upon those duties or to train and supervise the employees. The court does not demand that separate certificates of merit be filed for each potential tort-feasor over whom the corporate entity may be found vicariously liable.

We also direct attention to another recent decision dealing with the same issue before this court. In *Miller v. Purcell,* slip opinion, 04-00, 691 CCP Lycoming Cty. (Judge Dudley Anderson, November 3, 2004), the court stated that to dismiss claims in a medical liability action on the basis that the certificate of merit combined all defendants is both unnecessary and in violation of the legislative intent of the Medical Care Availability and Reduction of Error Act which ensures due process to those persons injured due to medical negligence. (See 40 P.S. §1303.502.)

The certificate of merit filed by the plaintiff was in consolidated form and included all named defendants and was properly supported by separate affidavits of merit. We are guided by statutory language, case law and the commentary of the Supreme Court in determining that the certificate filed in this matter was acceptable according to the rule requirements. To do otherwise would be to elevate form over substance to an absurd degree and result, which the facts of the present case could never justify.

## Standard of Review

The request for relief from the entry of a judgment of non pros is required to be presented to the court by petition. Upon the entry of judgment of non pros, a three-part test pursuant to Pa.R.C.P. 3051 may be employed to determine whether the petitioning party may obtain the relief requested. The court may either strike off the judgment or open the judgment pursuant to Pa.R.C.P. 3051 depending upon the requested relief. The criterion that must be established to satisfy the three-part test includes that (1) the petition is timely filed (2) there is a reasonable explanation or legitimate excuse for inactivity or delay and (3) there is a meritorious cause of action. Pa.R.C.P. 3051(b)(1-3); see also, *Hoover v. Davila,* 862 A.2d 591 (Pa. Super. 2004). The Superior Court instructs that a petition to open a judgment of non pros is directed to the equitable powers of the court. *Esslinger v. Sun Refining and Marketing Co.,* 379 Pa. Super. 69, 73, 549 A.2d 600, 602 (1988), citing *Geyer v. Steinbronn,* 351 Pa. Super. 536, 506 A.2d 901 (1986). Moreover, it is within the trial court's discretion to either grant or deny

a party's petition to open a judgment of non pros. *Esslinger, supra* at 73, 549 A.2d at 602, citing *First Valley Bank v. Steinmann,* 253 Pa. Super. 8, 384 A.2d 949 (1978). A petition to strike a judgment of non pros may be granted when it is apparent that there are defects on the face of the record. *Esslinger, supra* at 75, 549 A.2d at 603, citing *Ruehl v. Maxwell Steel Co.,* 327 Pa. Super. 39, 474 A.2d 1162 (1984) (prothonotary had no authority to enter judgment against garnishee for amount in excess of the amount admitted). The unauthorized entry of a judgment by the prothonotary renders a judgment void, and therefore the judgment must be stricken. *Ruehl, supra* at 42, 474 A.2d at 1163.

Here, the petition was timely filed and therefore the first element of the three-prong test has been met. The entry of judgment of non pros was made December 29, 2004, and the petition to strike off and/or open judgment of non pros was filed seven days later on January 6, 2005. The second condition that the petitioner must satisfy is that there is a reasonable explanation for the delay or inactivity that preceded the entry of the judgment. Presently, there was no delay or inactivity that led to the entry of judgment of non pros. As discussed above, the one consolidated certificate of merit was timely filed and it satisfies the Pennsylvania Rules of Civil Procedure, therefore fulfilling the second prong. The third requirement is that there is a meritorious cause of action asserted by the plaintiff. Here, we see that the claims presented have merit based upon the certificate of merit and supporting affidavits of merit. We find little need to discuss each claim asserted against the moving defendants at this juncture.

In following the above standard to open or strike a judgment of non pros, we recognize that, given the current circumstances, it is more appropriate for the court to open the judgment rather than strike it since there are no patent defects of record. Here, the judgment of non pros should never have been entered since a sufficient certificate of merit had been filed prior to the filing of the praecipe. (See Pa.R.C.P. 1042.6.) Therefore, it is only proper that the court open the judgment of non pros. An appropriate order accomplishing opening of judgment of non pros follows.

## ORDER

And now, to wit, August 10, 2005, upon consideration of the plaintiff's petition to open and/or strike off judgment of non pros, the verbal and written arguments of counsel and in accordance with the preceding memorandum, it is hereby ordered and decreed that the plaintiff's requested relief to open the judgment of non pros entered against petitioning plaintiff and dated December 29, 2004, is hereby granted.