J-A11025-16

2016 PA Super 133

| SUSAN HORWATH AND SUSAN HORWATH, EXECUTRIX OF THE ESTATE OF ROBERT S. HORWATH, DEC'D | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JUANITA DIGRAZIO AND PASQUALE DIGRAZIO, JR. | |
| Appellees | No. 2069 EDA 2015 |

Appeal from the Order Entered April 2, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-31772

BEFORE: SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

OPINION BY MUNDY, J.:                    **FILED June 24, 2016**

Appellant, Susan Horwath, appeals from the April 2, 2015 order, denying her petition to open the judgment of *non pros* (JNP), entered in favor of Appellees, Juanita DiGrazio and Pasquale DiGrazio, Jr.[1]  After careful review, we reverse and remand for further proceedings.

We summarize the relevant procedural history of this case as follows. On October 23, 2013, Appellant filed a praecipe for summons to commence a civil action against Appellees.  The praecipe was signed by Thomas Novak,

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that an order denying a petition to open a judgment is an interlocutory appeal of right.  Pa.R.A.P. 311(a)(1).

Esquire (Attorney Novak). However, no complaint was filed. On June 20, 2014, Appellees filed a praecipe for JNP pursuant to Pennsylvania Rule of Civil Procedure 237.1 for failure to file a complaint. That same day, the trial court's prothonotary entered a JNP in favor of Appellees. On July 14, 2014, Appellants filed a petition to open the JNP. The petition to open was filed by Danielle L. Duffy, Esquire (Attorney Duffy), who represents Appellant on appeal. In said petition, Appellant argued that Attorney Novak effectively abandoned her and at the time the JNP was entered, she was "in the process of transferring representation."[2] Appellant's Petition to Open JNP, 7/14/14, at ¶ 8. Appellees filed their response on August 13, 2014. The trial court heard argument on Appellant's petition on March 25, 2015.[3] On April 2, 2015, the trial court entered an order denying Appellant's petition to open.

Appellant filed a petition for reconsideration on April 14, 2015. On April 23, 2015, the trial court entered an order, expressly granting reconsideration. On April 30, 2015, Appellees filed a response to Appellant's motion, to which Appellant filed a reply on May 7, 2015. On May 28, 2015,

---

[2] We note that Appellant included a copy of the complaint she wished to file as Exhibit D to her petition. *See* Pa.R.C.P. 237.3(a) (stating, "[a] petition for relief from a [JNP] … entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file[]").

[3] We note that Appellees did not appear at the March 25, 2015 argument.

the trial court entered an order denying Appellant's motion on the merits.

On June 26, 2015, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issue for our review.

> 1. Did [t]he [h]onorable [t]rial [c]ourt make an error of law and abuse its discretion in denying [Appellant's] [p]etition to [o]pen [JNP] initially, and upon reconsideration, where:
>
>    a) [Appellant's] [p]etition to [o]pen was promptly filed under the circumstances;
>
>    b) [Appellant] presented a reasonable explanation or legitimate excuse for the failure to file a timely complaint due to former counsel's gross neglect and abandonment; and
>
>    c) [Appellant] presented a meritorious cause of action and balancing equities weighed in favor of opening the judgment?

Appellant's Brief at 4.

We begin with our well-settled standard of review.

> A request to open a [JNP], like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the [JNP] to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action. A petition under Rule 3051 is the only means by which relief

---

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

> from a [JNP] may be sought. Any appeal related to a [JNP] lies not from the judgment itself, but from the denial of a petition to open or strike. Finally, failure to file a timely or rule-compliant petition to open operates as a waiver of any right to address issues concerning the underlying [JNP].
>
> A trial court's decision to deny a petition to open or strike a [JNP] is scrutinized on the abuse of discretion standard of appellate review.

*Madrid v. Alpine Mountain Corp.*, 24 A.3d 380, 381-382 (Pa. Super. 2011) (internal quotation marks and citations omitted), *appeal denied*, 40 A.3d 1237 (Pa. 2012). As the trial court stated, it denied Appellant's petition to open solely based on the timeliness and reasonable excuse prongs; therefore, it is not contested that Appellant has satisfied the meritorious cause of action prong. Trial Court Opinion, 8/21/15, at 8.

Turning to the timeliness prong, Appellant argues that the trial court erred when it concluded that because Appellant failed to file her petition to open within ten days under Rule 237.3(b), the petition was untimely filed. Appellant's Brief at 12-15. In Appellant's view, the standards of promptness under Rule 3051(b)(1) governed the petition to open, and her petition was timely under our Rule 3051 cases. *Id.* at 12, 15-19. Appellees counter that Rule 237.3(b) displaces Rule 3051(b)(1) and imposes a special ten-day *per se* rule. Appellees' Brief at 10.

> In construing the Rules of [Civil] Procedure, as the ultimate promulgator of said Rules, it is the intent of our Supreme Court that controls. *Commonwealth v. Baker*, 690 A.2d 164, 167 (Pa. 1997). In performing our task, we also look to the tools of

statutory construction. *Id.* In analyzing the intent of our Supreme Court, "the best indication of [said] intent is the plain language of a [rule]." *Commonwealth v. Wilson*, 111 A.3d 747, 751 (Pa. Super. 2015) (citations omitted). "In pursuing that end, we are mindful that '[w]hen the words of a [rule] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.'" *Id., quoting* 1 Pa.C.S.A. § 1921(b). In addition, "'[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage,' while any words or phrases that have acquired a 'peculiar and appropriate meaning' must be construed according to that meaning." *Id., quoting* 1 Pa.C.S.A. § 1903(a). Also, we presume that our Supreme Court "does not intend a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S.A. § 1922(1).

*Commonwealth v. Williams*, 125 A.3d 425, 428 (Pa. Super. 2015).

Rules 237.3 and 3051 provide in relevant part as follows.

**Rule 237.3 Relief From Judgment of Non Pros or by Default**

(a) A petition for relief from a [JNP] or of default entered pursuant to Rule 237.1 shall have attached thereto a verified copy of the complaint or answer which the petitioner seeks leave to file.

(b) If the petition is filed within ten days after the entry of the judgment on the docket, the court shall open the judgment if the proposed complaint or answer states a meritorious cause of action or defense.

> *Note:* Rule 236 requires the prothonotary to give notice of the entry of any judgment and to note in the docket the giving of the notice.

…

> *See Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 477 A.2d 471 (1984) for the requirements for opening a judgment by default and Pa.R.C.P. 3051 as to a [JNP]. Rule 237.3 does not change the law of opening judgments. Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment. The requirement of this rule for proceeding within ten days is not intended to set a standard for timeliness in circumstances outside this rule.
>
> A defendant who seeks to file a pleading other than an answer is not entitled to the benefit of this rule but must comply with the requirements of *Schultz v. Erie Insurance Exchange*, *supra*.

**Rule 3051. Relief from Judgment of Non Pros**

(a) Relief from a [JNP] shall be sought by petition. All grounds for relief, whether to strike off the judgment or to open it, must be asserted in a single petition.

(b) Except as provided in subdivision (c), if the relief sought includes the opening of the judgment, the petition shall allege facts showing that

> (1) the petition is timely filed,
>
> (2) there is a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of [the JNP], and
>
> (3) there is a meritorious cause of action.
>
> > *Note:* See Rule 237.3 for special provisions relating to relief from a [JNP] entered pursuant to Rule 1037(a).

…

Pa.R.C.P. 237.3, 3051.

Appellees rely in part on our Supreme Court's decision in **Simmons v. Luallen**, 763 A.2d 810, 812 (Pa. 2000), in support of their argument that Rule 237.3(b) imposes a *per se* ten-day rule. Appellees' Brief at 11, 14. In **Simmons**, a JNP was entered against Simmons for her failure to file a complaint under Rule 237.1, and Simmons filed her petition to open the same seven days later. **Simmons**, **supra** at 810. The trial court denied the petition to open, and this Court affirmed, concluding that under Rule 3051(b)(2), Simmons had not shown a reasonable excuse for the delay in filing her complaint. **Id.** at 812.

Our Supreme Court granted *allocatur* and reversed. Specifically, it held that in a case where a JNP is entered for failure to file a complaint, and a petition to open is filed within ten days, Rule 3051(b)(1) "does not apply when a [JNP] is entered because of a party's failure to file a complaint." **Id.** Rather, Rule 237.3 applies, noting that Rule 3051 is a general rule, Rule 237.3 is a specific rule, and "the particular controls over the general[.]" **Id.**, *citing* Pa.R.C.P. 132. Our Supreme Court further stated, "[a]lthough Rule 237.3 does not alter the law of opening judgments as reflected in Rule 3051(b), it presupposes that a petition to open filed within the ten-day period is timely or prompt and that a reasonable explanation or excuse for the delay exists." **Id.**; **see also Kruis v. McKenna**, 790 A.2d 322, 326 (Pa.

Super. 2001) (stating, "where a [JNP] has been entered by the prothonotary for a plaintiff's failure to file a timely complaint, Rule 237.3(b) excuses a petitioner from establishing the first two prongs of that standard, where the petitioner filed a petition to open the [JNP] within ten days from the date the [JNP] was entered[]").

> [Rule 237.3] serves the salutary purpose of avoiding "snap judgments" and easing the procedural burdens of a party who promptly moves to open the judgment. Indeed, relaxing the burden of proof by presuming that a legitimate excuse for the delay exists is appropriate in this context, since the delay is not lengthy. By contrast, a [JNP] entered due to inactivity in prosecuting a claim often involves longer delay, which more directly implicates the equitable principle underlying the grant of a [JNP], namely, the injustice of permitting the assertion of a claim after a lengthy inexcusable delay that visits prejudice upon the defendant.

*Simmons*, *supra* at 812-813. Therefore, because Simmons filed her petition to open within Rule 237.3(b)'s ten-day period, the specific rule applied. Accordingly, pursuant to Rule 237.3(b), it is presumed there was a reasonable excuse for Simmons not filing her complaint sooner, and the reasonable excuse analysis of Rule 3051(b)(2) was not required.

After careful review, we reject Appellees' contention that Appellant's petition was untimely because it was not filed within Rule 237.3(b)'s ten-day period. We acknowledge that *Simmons* stated that Rule 3051(b) "does not apply" to a JNP entered pursuant to Rule 237.1. *Simmons*, *supra* at 812. However, the procedural posture of *Simmons*, where the petition to open

was timely filed under Rule 237.3(b), is critical to our resolution of the instant appeal. Our Supreme Court made it clear in **Simmons**, that Rule 3051(b)(2)'s analysis of reasonable excuse was not necessary when the petition to open was filed within the ten-day period of Rule 237.3(b). As noted above, our Supreme Court's intent in promulgating Rule 237.3(b) was to "eas[e] the procedural burdens of a party who promptly moves to open the judgment." *Id.* That is, Rule 237.3(b) dispenses with the reasonable excuse requirement of Rule 3051(b)(2) when a petition to open a JNP is filed within ten days of the same. Rule 237.3 was not intended to, as Appellees aver, foreclose all petitions to open filed after ten days. Such a reading would not "eas[e] … procedural burdens" but rather it would aggravate them. *Id.*

The text of Rule 3051(b)(1) states a general prescription of timeliness for petitions to open. However, when the two rules are read together, we conclude Rule 237.3(b) only displaces Rule 3051(b) for petitions filed "within ten days after the entry of the judgment on the docket[.]" Pa.R.C.P. 237.3(b). This gives effect to all of the provisions of both Rules, if the petition is filed within ten days or less, Rule 237.3(b) applies, if it is after ten days, Rule 3051(b) applies. *See generally Penn-Delco Sch. Dist. v. Bell-Atlantic-Pa., Inc.*, 745 A.2d 14, 17 n.4 (Pa. Super. 1999), *appeal denied*, 795 A.2d 978 (Pa. 2000). This is consistent with the note to Rule 237.3, which states that Rule 237.3(b) "presuppos[es] that a petition filed as

provided by the rule is timely" and that "Rule 237.3 does not change the law of opening judgments." Pa.R.C.P. 237.3, note. Therefore, it follows that a petition filed outside the Rule 237.3(b) period is not untimely, rather it is merely **not presumed** to be timely.[5] We therefore decline Appellees' invitation to elevate Rule 237.3(b)'s status from a specific rule to a bright-line rule.

In this case, Appellant filed her petition to open 24 days after the JNP was entered. Under our cases construing Rule 3051(b)(1), Appellant's petition was timely under the circumstances. *See Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009) (noting that one month or less between the entry of judgment and the filing of a petition to open typically meets the time requirement for "prompt filing"), *quoting Casting Condos. Ass'n, Inc. v. Klein*, 663 A.2d 220, 223 (Pa. Super. 1995). Based on these considerations, we conclude that Appellant's petition was timely filed.

---

[5] This is also consistent with Illustration 6 in Rule 237.3's explanatory comment. Illustration 6 states that if "a petition to open the judgment [is filed] more than ten days after the date of entry of the judgment on the docket[, t]he petition to open is not within the scope of Rule 237.3(b)[, rather the party] must proceed pursuant to case law and meet the standards of **Schultz v. Erie Ins. Exch.**, 477 A.2d 471 (Pa. 1984)." Pa.R.C.P. 237.3, cmt. (parallel citation omitted). Although **Schultz** predates Rule 3051, it contains the same three-prong requirements as contained in Rule 3051(b). *See Schultz*, *supra* at 472.

Turning to the reasonable excuse prong of Rule 3051(b)(2), Appellant avers that the "gross negligence and abandonment" of Attorney Novak satisfied her burden for this prong. Appellant's Brief at 10. Appellant relies on this Court's decision in *Esslinger v. Sun Ref. & Mktg. Co.*, 549 A.2d 600 (Pa. Super. 1988).

In *Esslinger*, Esslinger began an action by filing "a praecipe for summons against various defendants[.]" *Id.* at 602. Almost five months later, one defendant, Baker, filed a "Rule to File Complaint[.]" *Id.* No complaint was filed and a JNP was entered on praecipe approximately three and one-half months later.

Esslinger filed a petition to open the JNP 15 months later, which the trial court granted, concluding, relevant to the instant case, that Esslinger "reli[ed] on her counsel's representations that the lawsuit was being diligently pursued; the fact that Esslinger was not aware of the demand that a complaint be filed until well after she became aware of the [JNP]; and the fact that after she became aware of the real status of the case, Esslinger retained new counsel, who filed a petition to open the [JNP]." *Id.* at 603. This Court affirmed the trial court's granting the petition to open. Specifically, we concluded that the petition to open, filed 15 months after the JNP was entered was timely, and Esslinger had a reasonable excuse.

> While it is true that a litigant is generally bound by the actions or inactions of his/her counsel, a litigant placing his/her case in the hands of a reputable counsel should not be turned out of court if the delay

complained of was almost entirely on account of the neglect or oversight of counsel. *White v. Alston*, 331 A.2d 765 (Pa. Super. 1974); *Poluka v. Cole*, 295 A.2d 132 (Pa. Super. 1972). Attorney neglect may provide a sufficient basis on which to justify a party's failure to respond to process, particularly where there have been no negotiations or attempts by the opposing party to draw the attention of counsel to the case. *Buxbaum v. Peguero*, 484 A.2d 137 (Pa. Super. 1984). "In fact, pertinent case law reveals that the power to open judgment should be exercised when the default is the result of oversight or mistake by counsel." *Versak*[ *v. Washington*,] 519 A.2d [438,] 441 [(Pa. Super. 1986)], citing *Commonwealth Department of Transportation v. Nemeth*, 442 A.2d 689, 691 (Pa. 1982). While it does appear from the record that some correspondence took place between Esslinger's counsel and that of the various defendants (including Baker) with respect to the course of the litigation, nothing on the record indicates that knowledge of this correspondence could be attributed to Esslinger.

*Id.* (parallel citations omitted).

We conclude *Esslinger* controls the resolution of this case. The record reveals that Attorney Novak filed routine praecipes to reissue the writ of summons, but did not take any further substantive action to advance Appellant's interests. The record also shows that Appellant, through Attorney Duffy, attempted for months to change representation. The certified record also contains multiple attempts by Attorney Duffy to obtain the case file and learn of the status of the case. Attorney Duffy first informed Attorney Novak through a letter dated April 23, 2014, that Appellant had retained her to take over the case and requested that he send her the case file as soon as possible. Appellant's Petition for

- 12 -

Reconsideration, 4/14/15, Exhibit F-A, at 1.[6]   When that request went unanswered, Attorney Duffy sent an e-mail to Attorney Novak on May 19, 2014, requesting he contact her to transfer Appellant's case file.   *Id.* at Exhibit F-B, at 1.   Attorney Duffy received the case file on June 17, 2014.  *Id.* at Exhibit F, at 2.   As the trial court noted, Attorney Novak did not withdraw his appearance even up to the entering of the order on appeal, despite Attorney Duffy mailing a praecipe for withdrawal of appearance to Attorney Novak, that went unsigned.[7]  *Id.* at Exhibit F-C, at 1.

As we cautioned in **Esslinger**, "a litigant placing his/her case in the hands of a reputable counsel should not be turned out of court if the delay complained of was almost entirely on account of the neglect or oversight of counsel."  **Esslinger**, *supra* at 603.   The complete lack of action on the part of Attorney Novak, combined with Appellant's documented efforts to get in touch with Attorney Novak in an effort to move the case forward, supports Appellant's position that she had been abandoned by counsel.

Appellees cite to a few of our cases that predate **Esslinger**, which state that a JNP should not be opened due to counsel's "mistake, oversight, neglect, mere confusion or inadvertence[.]"  Appellees' Brief at 18, *citing*  **Perri v. Broad St. Hosp.**, 478 A.2d 1344, 1347 (Pa. Super. 1984);

---

[6] We refer to the Exhibit A within Exhibit F as "Exhibit F-A" for the convenience of the reader.
[7] Appellees do not dispute these efforts by Attorney Duffy.  Appellees' Brief at 22.

*Corcoran v. Fiorentino*, 419 A.2d 759, 762 (Pa. Super. 1980); *St. Joe Paper Co. v. Marc Box Co., Inc.*, 394 A.2d 1045, 1047 (Pa. Super. 1978); *Dupree v. Lee*, 361 A.2d 331, 335 (Pa. Super. 1976). However, as we have explained above, the record reveals more than a mere mistake or oversight. Therefore, consistent with *Esslinger*, Appellant has shown "a reasonable explanation or legitimate excuse" for her failure to file a complaint. Pa.R.C.P. 3051(b)(2). As a result, Appellant has satisfied both of the disputed prongs of Rule 3051(b) and is entitled to relief on appeal.

Based on the foregoing, we conclude the trial court abused its discretion when it denied Appellant's petition to open the JNP. *See Madrid*, *supra*. Accordingly, the trial court's April 2, 2015 order is reversed, and the case is remanded for further proceedings, consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2016

- 14 -