544 A.2d 929

Jeanne McFARLAND, Individually and Jeanne McFarland, Administratrix of the Estate of Robert C. McFarland, Deceased, Appellant,

v.

H. Christopher WHITHAM, D.D.S., Appellee.

Supreme Court of Pennsylvania.

Argued April 13, 1988.

Decided July 27, 1988.

Reargument Denied Sept. 19, 1988.

Joseph F. Leeson, Jr., William P. Leeson, Bethlehem, for appellant.

David E. Faust, Barbara S. Magen, Philadelphia, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from a memorandum opinion and per curiam order of the Superior Court, 363 Pa.Super. 648, 522 A.2d 666 (1987), which affirmed an order of the Court of Common Pleas of Lehigh County granting a petition to open a default judgment. The default judgment had been entered in favor of the plaintiff, appellant Jeanne McFarland, in a wrongful death and survival action alleging malpractice of the defendant dentist, appellee H. Christopher Whitham, D.D.S. The facts of the case are as follows.

On October 1, 1985, the instant wrongful death and survival action was filed, and notice was given to file responsive pleadings within twenty days as provided by Pa.R.C.P. 1026. Responsive pleadings were not, however, filed; hence, on October 21, 1985 plaintiff mailed a notice of default to defendant and his insurance carrier, advising them that, unless appropriate actions were taken within ten days, a default judgment might be entered. Defendant unexplainably waited until October 24, 1985, well beyond the original twenty day period allowed, to retain counsel to represent him in the matter. Counsel immediately contacted the office of plaintiff's counsel and secured an extension, of unspecified but reasonable duration, to avoid entry of a default judgment. Plaintiff's counsel later confirmed this extension by letter dated November 12, 1985, stating that the extension would expire on December 4, 1985. On December 6, 1985, inasmuch as no answer to plaintiff's

complaint had yet been filed, a default judgment was entered. Soon after receiving notice that the judgment had been entered, defense counsel filed an answer to plaintiff's complaint, and, on December 16, 1985, filed a petition to open the judgment. After consideration of the merits, the Court of Common Pleas granted the petition.

The sole issue to be addressed in the present appeal is whether the court below committed an abuse of discretion in granting the petition to open judgment. See *Kennedy v. Black*, 492 Pa. 397, 401, 424 A.2d 1250, 1252 (1981) ("[A] petition to open a default judgment is within the sound discretion of the trial court; further, a reviewing court will not reverse a trial court's decision on the matter unless there was an error of law or a manifest abuse of discretion."). We believe that the trial court relied upon a plainly inadequate basis in opening the instant judgment, and, thus, that the default judgment must be reinstated.

It is well established that, before a default judgment can properly be opened, the moving party must show that 1.) the petition to open was promptly filed, 2.) a meritorious defense to the underlying claim exists, and 3.) the failure to act on the original complaint can be reasonably excused. *Id.; Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 93, 477 A.2d 471, 472 (1984); *Commonwealth, Department of Transportation v. Nemeth*, 497 Pa. 580, 583, 442 A.2d 689, 691 (1982). The latter element, requiring a *justifiable explanation* for having failed to respond in a timely fashion to the original complaint, see *Schultz*, 505 Pa. at 93, 477 A.2d at 472, was not fulfilled under the facts of this case. See also *Nemeth*, 497 Pa. at 585, 442 A.2d at 691 (sufficient justification required for failure to respond to original complaint); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970) (reasonable explanation or excuse required).

The only explanation offered by defense counsel for not having filed an answer to the complaint before entry of a default judgment was that, through inadvertence of an associate in his office, the letter from plaintiff's counsel setting December 4, 1985 as the date after which a default

judgment might be entered was placed into a file box without the associate first having noted the deadline set forth in the letter. The associate had been given responsibility for preparing an answer to the complaint. No explanation has been offered by the associate to explain his inadvertence. Nor has there been any explanation offered for defendant's failure to obtain counsel until four or five days after an answer to the complaint was initially required.

Thus, it cannot be said that defendant and his counsel have shown a justifiable explanation, i.e., a reasonable excuse, for their collective failure to have responded to the original complaint in a timely fashion. This is not a case where the defendant has been without fault. See *Stephens v. Bartholomew*, 422 Pa. 311, 220 A.2d 617 (1966) (defendant delivered complaint to his attorney in a timely fashion, but attorney neglected to read it); *Nemeth*, supra (defendant contacted counsel immediately after receiving complaint, but counsel neglected to properly handle the matter). Nor is this a case where the defendant's legal counsel has provided a reasonable excuse for failure to answer the complaint in a timely manner. See *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971) (counsel forwarded complaint to defendant's insurance company, but insurance company lost all relevant papers). Rather, this is a case where defendant has demonstrated a dilatory attitude, and where counsel has unjustifiably failed to comprehend the applicable time limits. Cf. *Schultz*, supra (defendant did not deliver complaint to counsel in a timely fashion, and counsel, in the routine course of business, failed to comprehend applicable time limits for filing responsive pleadings). Under these circumstances, it was an abuse of discretion for the trial court to grant the petition to open judgment. Accordingly, the default judgment must be reinstated.

Order reversed, and judgment reinstated.

McDERMOTT, J., concurs in the result.