J-S23018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANGELINA WILSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANETTE ADELSTON A/K/A | : | |
| DANETTE ADELSTEIN, LIT | : | |
| ULTRABAR,  DAVID K. BRAVERMAN, | : | No. 3280 EDA 2016 |
| BRIAN C.  DOUGHERTY, GERALD | : | |
| THOMAS A/K/A  GERALD T. CHACK, | : | |
| FALLS BENEFICIAL  ASSOCIATION | : | |
| A/K/A EAST FALLS BENEFICIAL | : | |
| ASSOCIATION, NOBLE STREET | : | |
| ASSOCIATES,  L.P., PENHURST | : | |
| REALTY GROUP LLC,  AND | : | |
| NIGHTLIFE INDUSTRIES LLC, | : | |
| | : | |
| | : | |
| APPEAL OF: DAVID K. BRAVERMAN | : | |

Appeal from the Order Dated September 14, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  November Term, 2015 No. 151101597

BEFORE:  OLSON, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED JUNE 09, 2017**

Appellant, David K. Braverman, appeals the order dated September 14, 2016, denying his petition to open a default judgment.  We affirm.

On November 28, 2013, at 4:00 A.M., Appellee Angelina Wilson was a business invitee at Lit Ultrabar in Philadelphia when other patrons and at least two employees of the bar began to fight.  Compl. at ¶¶ 25-39; Trial Ct. Op., 11/1/16, at 1.  Wilson "suffered serious and permanent injuries to her

face, head and body in the altercation which spilled out onto the public street." *Id.*

In November 2015, Wilson commenced this litigation against the owners, operators, and employees of Lit Ultrabar. On January 29, 2016, Wilson served Appellant with the complaint. Appellant never filed an answer to the complaint.

On June 14, 2016, Wilson entered a default judgment against Appellant. On July 12, 2016, Appellant petitioned to open the default judgment, and on September 1, 2016, his petition was denied by the trial court. On September 14, 2016, Appellant filed a timely notice of appeal and he now raises the following issue:

> Whether [the] September 14, 2016 Order[] of the Court of Common Pleas must be reversed and Default Judgment[] be opened against Appellant.

Appellant's Brief at 1.

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011) (citation omitted).

"In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable

excuse or explanation for its failure to file a responsive pleading." **Smith**, 29 A.3d at 25 (citation omitted). If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied. **Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 178 (Pa. Super. 2009); **see also McFarland v. Witham**, 544 A.2d 929, 930-31 (Pa. 1988) (failure to provide justifiable explanation for failing to respond to complaint in a timely manner was sufficient basis to deny petition); **McCoy v. Pub. Acceptance Corp.**, 305 A.2d 698, 700 (Pa. 1973) (since appellant did not adequately explain the failure to answer the complaint, the trial court was justified in refusing to open the judgment); **US Bank N.A. v. Mallory**, 982 A.2d 986, 996-97 (Pa. Super. 2009) (affirming denial of petition to open without needing to analyze third prong of test).

Here, the only excuse provided by Appellant for his failure to file a responsive pleading was "that he was searching for an attorney." Appellant's Brief at 8. But Appellant's response to the complaint was due in February and he did not file any document in the case until July, after the default judgment had been entered. The rules do not permit such a complete disregard of pleading requirements for five months, and "searching for an attorney" cannot justify such a lengthy delay. We previously have rejected such an excuse as unreasonable. **See Mallory**, 982 A.2d at 996 ("Appellant, despite numerous notices to secure counsel, simply did not do so until approximately three months after the complaint was filed and six

weeks after the default judgment was entered against her. The fact Appellant may be unsophisticated in legal and financial matters is all the more reason she should have heeded the notices to secure legal counsel at once, and her deliberate decision not to defend does not provide a reasonable explanation or excuse necessary to open the default judgment" (footnote and citations omitted)); *see also Chester Twp. v. Steuber*, 456 A.2d 669, 672 (Pa. Cmwlth. 1983) (holding that defendant's failure to hire legal counsel for eighteen months and failure to take necessary action to protect his legal interests were not acceptable excuses for its failure to file a timely answer).[1]  Because Appellant "failed to fulfill any one prong of this test" to open a default judgment, we need not analyze the other two prongs. *McFarland*, 544 A.2d at 930-31; *McCoy*, 305 A.2d at 700; *Mallory*, 982 A.2d at 996-97.  The trial court did not abuse its discretion or err as a matter of law in denying Appellant's petition.  *Myers*, 986 A.2d at 178.

Order affirmed.

---

[1] "Although decisions of the Commonwealth Court are not binding on this Court, we may rely on them if we are persuaded by their reasoning." *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 283 n.12 (Pa. Super. 2016) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/9/2017</u>