J-A18004-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| FOX ROTHSCHILD, LLP | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MIGUEL A. MARRERO, M.D. AND | : | |
| MIGUEL A. MARRERO, M.D., P.C. | : | |
| | : | No. 994 WDA 2020 |
| Appellants | : | |

Appeal from the Order Entered August 21, 2020
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 19-014767

BEFORE:  OLSON, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED: SEPTEMBER 16, 2021**

Appellants, Miguel A. Marrero, M.D., and Miguel A. Marrero, M.D., P.C. (hereinafter "Dr. Marrero" individually and "Appellants" collectively) appeal from the order entered on August 21, 2020, denying Appellants' petition to strike or open a default judgment entered in favor of Fox Rothschild, LLP (hereinafter "Fox Rothschild").  We affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On October 18, 2019[, Fox Rothschild] filed a complaint against [Appellants] for unpaid legal fees.  On November 1, 2019[, Fox Rothschild unsuccessfully] attempted service at [Appellants'] last known business address [] because [Appellants] had moved.  On November 15, 2019[, Fox Rothschild] reinstated its complaint.  A December 16, 2019 Sherriff's return indicated that attempted service at [Dr. Marrero's] personal residence failed because [Appellants] failed or refused to respond to notifications left at the residence.  On February 25, 2020, based on these failed attempts

at service and [Fox Rothschild's] evidence of a good faith effort to discover that [Dr. Marrero] still owned the residence, [a] motion for service pursuant to special order of court, pursuant to Pa.R.C.P. 430 was granted. On February 26, 2020[, Fox Rothschild] reinstated its complaint. On March 11, 2020[, Fox Rothschild] filed two affidavits of service indicating that [Appellants] had been served both by [forwarding a copy of the complaint by] first class mail and by the constable posting a copy on the door of [Dr. Marrero's] residence. On June 30, 2020[, Fox Rothschild forwarded] an affidavit of service of important notice or the "10 day notice" by first class mail and certified mail to [the] residence. [Appellants] failed to respond. On July 10, 2020[,] default judgment in the amount of $81,287.44 was awarded to [Fox Rothschild] and against [Appellants]. Only five days after entry of the default judgment, on July 15, 2020[,] counsel for [Appellants] entered his appearance. It is worth noting that the original attempt to make service of the complaint at [Dr. Marrero's] residence, service of the complaint by first class mail, service of the 10-day notice by first class mail, and service of [the] praecipe for default judgment by first class mail, were all directed to the same residential address. On August 21, 2020[,] argument was held on [Appellants'] petition to strike, or in the alternative, to open default judgment, which was denied[.]

Trial Court Opinion, 2/2/2021, at 1-2 (superfluous capitalization and original footnotes omitted). This timely appeal resulted.[1]

On appeal, Appellants present the following issue for our review:

_____

[1] Appellants filed a timely notice of appeal on September 21, 2020. **See** Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days of the entry of an order to preserve the right of appeal); 1 Pa.C.S.A. § 1908 (whenever the last day of a period of time falls on a Sunday, it shall be omitted from the computation of time). The order denying Appellants' petition to strike or open default judgment was entered by a judge who subsequently retired. The case was reassigned to another judge who did not order Appellants to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Instead, the newly-appointed judge issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 2, 2021, explaining why Appellants were not entitled to relief.

> I.   Whether the trial court erred as a matter of law in denying Appellants' petition to strike, or in the alternative, open default judgment[?]

Appellants' Brief at 4.

Appellants contend that the trial court erred as a matter of law in refusing to strike or open the default judgment entered against them in favor of Fox Rothschild. First, with regard to the petition to strike, Appellants allege that a fatal defect appears on the record. *Id.* at 13. In particular, Appellants claim that Fox Rothschild "never achieved proper service of process upon Appellants, and their filing of pleadings, specifically their 10[-d]ay [n]otice of the suit, and in fact, Appellants were not put on notice of the [c]omplaint or the [10- d]ay [n]otice until after default judgment had already been entered against them." *Id.* Appellants claim that Fox Rothschild failed to exercise good faith efforts to locate Appellants or render appropriate service of process. *Id.* at 14. Appellants argue that Fox Rothschild "did not make inquiries of postal authorities; inquiries of relatives, neighbors, friends, and employers of [Appellants]; examinations of local telephone directories, courthouse records, voter registration records, and motor vehicle records; and a reasonable internet search." *Id.* at 15. As such, Appellants maintain that "the trial court erred in granting alternative service of original process in this matter at an address where Appellant Dr. Marrero did not reside and would be unlikely for Appellants to be put on notice of the suit being brought against him and the claims he would be likely to defend." *Id.* With regard to Appellants' petition to open, Appellants claim they promptly filed the petition, raised meritorious

defenses,[2] and pleaded a reasonable basis for their delay in responding.[3] **Id.** at 17-19.

This Court has previously determined:

> A petition to strike a judgment and a petition to open a judgment are separate and distinct remedies and not interchangeable. **Manor Bldg. Corp. v. Manor Complex Assocs., Ltd.**, 645 A.2d 843, 845 n.2 (Pa. Super. 1994) (*en banc*); **Neducsin v. Caplan**, 121 A.3d 498, 504–505 (Pa. Super. 2015), *appeal denied*, 131 A.3d 492 (Pa. 2016). A petition to open a judgment seeks to re-open a case following a default judgment in order to assert a meritorious defense; a motion to strike a judgment "is the remedy sought by one who complains of fatal irregularities appearing on the face of the record." **Cameron v. Great Atl. & Pac. Tea Co.**, 266 A.2d 715, 717 (Pa. 1970); *accord*, **N. Forests II, Inc. v. Keta Realty Co.**, 130 A.3d 19, 28 (Pa. Super. 2015), *appeal denied*, 158 A.3d 1237 (Pa. 2016).

> \* \* \*

> A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

> **Smith v. Morrell Beer Distributors, Inc.**, 29 A.3d 23, 25 (Pa. Super. 2011).

---

[2] More specifically, Appellants argue they raised meritorious defenses because Fox Rothschild failed to attach a copy of the written contract between the parties and/or monthly statements purportedly sent to Appellants to its complaint. Appellants' Brief at 18-19.

[3] Appellants claim their delay in responding resulted because "Appellants were entirely unaware that suit had been initiated against them, and w[ere] not placed on notice by appropriate service of process" and the "alternative means [of service] was not reasonably calculated to place [] Appellants on notice of the [law]suit." Appellants' Brief at 19-20.

"In general, a default judgment may be opened when the moving party establishes three requirements: (1) a prompt filing of a petition to open the default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for its failure to file a responsive pleading." **Smith**, 29 A.3d at 25 (citation omitted). If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied. **Myers v. Wells Fargo Bank, N.A.**, 986 A.2d 171, 178 (Pa. Super. 2009); **see McFarland v. Whitham**, 544 A.2d 929, 930–931 (Pa. 1988) (holding that failure to provide justifiable explanation for failing to respond to complaint in a timely manner was sufficient basis to deny petition); **McCoy v. Pub. Acceptance Corp.**, 305 A.2d 698, 700 (Pa. 1973) (holding that because appellant did not adequately explain the failure to answer the complaint, the trial court was justified in refusing to open the judgment); **US Bank N.A. v. Mallory**, 982 A.2d 986, 996–997 (Pa. Super. 2009) (affirming denial of petition to open without needing to analyze third prong of test).

**U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters**, 163 A.3d 1019, 1027–1028 (Pa. Super. 2017).

Here, upon review of the certified record and applicable law, we conclude there is no fatal defect and Appellants' failure to file a responsive pleading was not reasonable. In this case, Appellants' primary argument that they were not aware of Fox Rothschild's complaint and that alternative service was not made at Dr. Marrero's residence is belied by the record. In its motion for permission to make alternative service upon Appellants, filed on February 25, 2020, Fox Rothschild averred that "[o]n December 16, 2019, the Allegheny County Sherriff attempted to serve [Appellants] with the [c]omplaint and [p]raecipe to [r]einstate at [Dr. Marrero's] personal residence 1606 Franklin Fields Drive, Sewickley, PA 15143." Motion for Permission to Make Service Pursuant to Pa.R.C.P. 430, 2/25/2020, at ¶ 5. Fox Rothschild

attached a copy of the sheriff's return of service showing the attempt to serve the complaint and praecipe at the aforementioned address on December 16, 2019. *Id.* at Exhibit B. Also attached to the motion was an affidavit of Richard Holyworth, Esquire, an attorney with Fox Rothschild in which he stated that he reviewed the publicly available real estate records and confirmed that Dr. Marrero owned the residential property located at the Franklin Fields' address and paid taxes on said property. *Id.* at Exhibit C. Moreover, attached to the petition to strike or open default judgment, Appellants affixed a copy of a complaint in divorce filed by Dr. Marrero on December 18, 2020, which he verified on December 17, 2019. *See* Petition to Strike or Open Default Judgment, 1/26/2020, Exhibit B. Dr. Marrero verified that he resided at 1606 Franklin Fields Drive, Sewickley, PA 15143. Exhibit B, Divorce Complaint, 12/18/2020, at ¶ 1. As such, two days **after** the sheriff attempted to serve Fox Rothschild's complaint and praecipe to reinstate at the Franklin Fields' address, Dr. Marrero confirmed the same address as his personal residence in his divorce action. Accordingly, we reject Appellants' suggestion that they did not receive notice of the Fox Rothschild complaint. Hence, there is no fatal defect on the face of the record and there was no reasonable excuse or explanation for Appellants' failure to file a responsive pleading. Therefore, there was no error of law or abuse of discretion in denying Appellants' petition

to strike or open the default judgment entered against them. Appellants' sole appellate claim lacks merit.[4]

Order affirmed. Application to Recover Fees and Costs denied.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2021

---

[4] Finally, we note that on August 9, 2021, Fox Rothschild filed an application with this Court for a bill of costs and fees in the amount of $1,600.00 for preparing a reproduced record when Appellants failed to do so. We deny that request.