IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Community College of Philadelphia,   :
Tara Timberman and Elizabeth      :
Canapary                                       :
                                         :   No. 974 C.D. 2020
                v.                   :
                                         :   Submitted: May 21, 2021
Ralph W. McClain, Jr.,          :
                Appellant     :

**_OPINION NOT REPORTED_**

MEMORANDUM OPINION
PER CURIAM                                     FILED: July 28, 2022

Ralph W. McClain, Jr. (McClain) appeals *pro se* from the March 12, 2020 order of the Court of Common Pleas of Philadelphia County (trial court) denying his petition to open the default judgment entered against him on December 22, 2017. Listed with this action by this Court's order dated December 9, 2020, is a motion to quash the instant appeal as untimely filed by the Community College of Philadelphia (CCP), Tara Timberman, and Elizabeth Canapary (collectively, Appellees). Upon review, we deny the motion to quash and affirm the trial court's dismissal of McClain's petition to open the default judgment.

**Facts and Procedural History**

Following his release from prison after serving 10 years' incarceration after pleading guilty to, *inter alia*, attempted murder, aggravated assault, and carrying a firearm in a public place, McClain enrolled in CCP in the Fall of 2016. While enrolled in CCP, McClain sexually harassed, threatened, and stalked two female CCP professors, Appellees Ms. Timberman and Ms. Canapary. On November 4, 2016,

McClain was taken into custody by the Pennsylvania Board of Probation and Parole (Board) for violation of his parole and confined at State Correctional Institution (SCI) Graterford. In March/April 2017, while incarcerated at SCI-Graterford for his parole violation, McClain continued to send a chain of threatening, harassing, and lewd letters to Ms. Timberman and Ms. Canapary and to various Board officials. (Original Record (O.R.) at 36-53.) On April 21, 2017, McClain sent Ms. Canapary a letter from Fountain Hill Jail. (O.R. at 54.)

On May 2, 2017, Appellees filed a complaint in equity, seeking emergency temporary and permanent injunctive relief prohibiting McClain from contacting Appellees Ms. Timberman and Ms. Canapary, or otherwise coming within 500 feet of them or CCP. The trial court issued a rule to show cause why a temporary injunction order should not issue. These documents were personally served on McClain at his prison cell at SCI-Retreat by a corrections officer. (O.R. at 187.) McClain did not respond to the complaint or to the court's May 3, 2017 rule to show cause. On May 5, 2017, McClain attended a hearing via video conference, after which the trial court granted the emergency temporary request for injunctive relief.

On May 8, 2017, McClain sent a letter to Appellee Ms. Canapary's residence and directed to her husband, which referenced "Taras CCP Cozen O'Connor Complaint/Civil Action against me." (O.R. at 98.) The May 8, 2017 letter was sent from SCI-Retreat. *Id.* At some point between May 8, 2017, and May 11, 2017, McClain was transferred to the Curren-Fromhold Correctional Facility. On May 11, 2017, McClain made three calls from the Curren-Fromhold Correctional Facility to Appellee Ms. Canapary at her home.

On August 10, 2017, a notice of intent to file a praecipe to enter default judgment pursuant to Pennsylvania Rule of Civil Procedure (Pa.R.Civ.P.) 237.1 was

mailed to McClain at the Curren-Fromhold Correctional Facility, providing him 10 days' notice to respond to the complaint. (O.R. at 191.) On August 30, 2017, Appellees filed a motion for entry of default judgment against McClain because he failed to respond to the complaint within 20 days of service. The motion was served by certified mail on McClain at the Curren-Fromhold Correctional Facility. (O.R. at 428.)

On December 20, 2017, because McClain still had not responded to the complaint, the trial court entered a default judgment in favor of Appellees, *inter alia*, prohibiting him from coming within 500 feet of Appellees or contacting them at any time for any reason. (O.R. at 432-33.) On December 22, 2017, a copy of the trial court's December 20, 2017 order was served on McClain by FedEx at the Curren-Fromhold Correctional Facility. (O.R. at 443-46.)

After the entry of the 2017 default order, on or around October 26, 2018, McClain pleaded guilty to three counts of stalking and three counts of harassment and was sentenced to two to five years of incarceration followed by four years of probation. The criminal case, for which McClain pleaded guilty, relates to his threatening conduct towards Appellees underlying this action.

On August 14, 2019, McClain filed his petition to open the default judgment (the petition at issue here). The petition to open indicated that McClain was confined at SCI-Benner. (O.R. at 451.) McClain, however, did not attach an answer or preliminary objections or otherwise set forth a meritorious defense, as required by Pa.R.Civ.P. 237.3(a).[1] On January 28, 2020, Appellees filed an answer to

---

[1] Pa.R.Civ.P. 237.3(a) provides: "A petition for relief from a judgment . . . by default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition."

the petition to open and served it on McClain at SCI-Greene. (O.R. at 605-06.) On February 13, 2020, the trial court issued a rule requiring McClain to show cause why his petition to open should not be dismissed for failure to file with his petition either preliminary objections or an answer that states a meritorious defense. (O.R. at 607.) McClain did not respond to the trial court's rule to show cause; consequently, the trial court denied his petition to open on March 12, 2020. (O.R. at 608.) In its Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), opinion, the trial court explained that it denied McClain's petition to open because he had not attached an answer or preliminary objections; therefore, it was impossible for the trial court to determine whether he had a meritorious defense. (Tr. ct. op., 12/7/20, at 3.)

On June 9, 2020, McClain notified the trial court and counsel of his change of address to SCI-Phoenix. (O.R. at 609.) On August 3, 2020, McClain notified the trial court and counsel of his change of address to SCI-Greene. (O.R. at 613.) On October 15, 2020, McClain filed the instant notice of appeal.

On November 3, 2020, Appellees filed a motion to quash this appeal on the ground that McClain failed to timely file his appeal within 30 days from the date of entry of the March 12, 2020 order. McClain requested an extension of time to file his response to the motion to quash, which was granted by this Court on November 19, 2020. McClain filed his response on December 7, 2020, and this Court issued an order on December 9, 2020, listing the motion to quash with the instant action. We will address first Appellees' motion to quash this appeal as untimely.

### Motion to Quash this Appeal as Untimely

"The timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014).

4

"Thus, an appellant's failure to appeal timely an order generally divests the appellate court of its jurisdiction to hear the appeal." *Id*. Pa.R.A.P. 903 provides that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Because this filing period is jurisdictional in nature, it must be strictly construed and may not be extended as a matter of indulgence or grace. *Best Courier v. Department of Labor and Industry, Office of Unemployment Compensation Tax Services*, 220 A.3d 696, 700 (Pa. Cmwlth. 2019). Pa.R.A.P. 903 provides that a party may move to quash an appeal on the grounds that it is untimely. *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001). An untimely appeal presents a jurisdictional issue and must be quashed absent a showing of fraud or a breakdown of the court's operation. *Thorn v. Newman*, 538 A.2d 105, 107 (Pa. Cmwlth. 1988).

Here, the order from which McClain appeals was issued and docketed by the trial court on March 12, 2020. He was thus required to file an appeal by April 1, 2020. However, McClain did not file his notice of appeal until August 12, 2020, well beyond 30 days after entry of the order. Therefore, his appeal is facially untimely.

A *nunc pro tunc* appeal may be allowed where extraordinary circumstances involving fraud or some breakdown in the administrative process caused the delay in filing, or where non-negligent circumstances related to the petitioner, his or her counsel, or a third party caused the delay. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130 (Pa. 1996). A party seeking permission to file a *nunc pro tunc* appeal also needs to establish that (1) he filed the appeal shortly after learning of and having an opportunity to address the untimeliness; (2) the elapsed time is one of very short duration; and (3) the appellee will not suffer prejudice due to the delay. *H.D. v. Department of Public Welfare*, 751

A.2d 1216, 1219 (Pa. Cmwlth. 2000). The question of whether the appealing party established entitlement to a *nunc pro tunc* appeal is a legal conclusion to be drawn from the evidence in the record. *Id.*

Several circumstances have been held to constitute grounds for the allowance of a *nunc pro tunc* appeal in the prison setting. For example, where the Board does properly mail out its notice of an administrative appeal or review decision but, as a result of the negligence of prison officials in failing to timely forward the offender's mail, the offender does not receive that decision in time to file a timely appeal, a *nunc pro tunc* appeal will be allowed. *Bradley v. Pennsylvania Board of Probation & Parole*, 529 A.2d 66 (Pa. Cmwlth. 1987). *See also Robinson v. Roundtree*, 260 A.3d 1104 (Pa. Cmwlth. 2021) (allowing appeal *nunc pro tunc* where offender substantially complied with the common pleas court's order directing him to serve a copy of the Rule 1925(b) statement upon the common pleas court judge).

In his opposition to the motion to quash and supporting declaration, McClain asserts that he should be allowed to appeal *nunc pro tunc* because: (1) he received an Authorized Temporary Transfer (ATT) from SCI-Greene to SCI-Phoenix on February 18, 2020; (2) the March 12, 2020 order was mailed to SCI-Greene while he was temporarily housed at SCI-Phoenix on an ATT; (3) the Board did not forward his mail to SCI-Phoenix while he was on an ATT; and (4) while at SCI-Phoenix, he experienced mental health issues and was housed in psychiatric observation from February 2020 through April 2020, where he had no access to his legal paperwork or writing materials. (Declaration of McClain, at 1-3.) McClain asserts that after he was released from psychiatric observation in June 2020, he requested the trial court to send him all rulings in the matter. *Id*. at 2. According to McClain, he first received a copy of the trial court's March 12, 2020 ruling on June 17, 2020, and on June 25,

2020, he mailed a notice of appeal to the trial court, which returned it twice because it did not include the requisite appeal forms. *Id.* at 3-4. He contends that on August 5, 2020, he mailed the completed set of forms and his notice of appeal, which was docketed on August 12, 2020. *Id.* at 4-5.

Appellees have not countered with any evidence or argument that delay in his receipt of the trial court's March 12, 2020 order was McClain's fault. We have checked McClain's averments against the record and find them consistent with the filings, exhibits, and certificates of service. Nor have Appellees indicated in their motion to quash that they have been prejudiced by a three-month delay. We thus accept McClain's argument that the delay in filing his notice of appeal was not due to inaction on his part. *See Bradley.* The record supports McClain's Declaration and indicates that as soon as he received the March 12, 2020 order, he responded to it within eight days.

Because we conclude that McClain has established a breakdown in the administrative process, he filed his notice of appeal shortly after learning of and having an opportunity to address the untimeliness, the lapsed time was of a short duration, and Appellees do not suggest that they have or will suffer prejudice by the three-month delay, we deny the motion to quash.

### Merits of McClain's Underlying Appeal

In his appellate brief, McClain claims that the trial court erred in refusing to grant his motion to open the default judgment because he attached an answer to his petition to open and gave it to jail officials on September 28, 2017, but they failed to place it in the mail.

A petition to open a judgment seeks to reopen a case following a default judgment in order to assert a meritorious defense. *Cameron v. Great Atlantic &*

*Pacific Tea Company*, 266 A.2d 715, 717 (Pa. 1970). A court can open a default judgment when the moving party establishes three separate elements: (1) prompt filing of the petition for relief from default judgment; (2) a meritorious defense; and (3) a reasonable excuse or explanation for the failure to file a responsive pleading. *U.S. Bank National Association v. Watters*, 163 A.3d 1019, 1022 (Pa. Super. 2017). If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied. *Myers v. Wells Fargo Bank, National Association*, 986 A.2d 171, 178 (Pa. Super. 2009). *See also McFarland v. Whitham*, 544 A.2d 929, 930-31 (Pa. 1988) (holding that failure to provide justifiable explanation for failing to respond to complaint in a timely manner was sufficient basis to deny petition); *McCoy v. Public Acceptance Corporation*, 305 A.2d 698, 700 (Pa. 1973) (holding that because appellant did not adequately explain the failure to answer the complaint, the trial court was justified in refusing to open the judgment); *U.S. Bank, National Association v. Mallory*, 982 A.2d 986, 996-97 (Pa. Super. 2009) (affirming denial of petition to open without needing to analyze third prong of test).

The meritorious defense element only requires a petition to plead a defense, which if proven at trial, would be meritorious. "The defense does not have to prove every element of its defense[;] however, it must set for the defense in precise, specific and clear terms . . . . The moving party must set forth its meritorious defense. [] If any one of the alleged defenses would provide relief from liability, the moving party will have pled a meritorious defense and will have satisfied the [] requirement to open the default judgment." *Seeger v. First Union National Bank*, 836 A.2d 163, 166 (Pa. Super. 2003) (quoting *Penn-Delco School v. Bell Atlantic*, 745 A.2d 14, 19 (Pa. Super. 1999)) (citations omitted); *see also Smith v. Morrell Beer Distributors Inc.*, 29 A.3d 23 (Pa. Super. 2011).

An appellate court may overturn an order denying a petition to open a default judgment only if "the record shows a manifest abuse of discretion or an error of law." *Easton Condominium Association, Inc. v. Nash*, 127 A.3d 856, 858 (Pa. Cmwlth. 2015).

Here, the trial court entered default judgment because McClain never responded to the complaint by answer or preliminary objections, or otherwise set forth any meritorious defenses that would support opening the default judgment. In his brief to this Court, however, McClain addresses only the third element of the test for opening a default judgment, *i.e.*, the reasonableness of his excuse or explanation for the failure to file a responsive pleading. He does not explain why the trial court erred in denying his motion to open on the grounds that he failed to meet his burden of setting forth a meritorious defense. The record is completely devoid of any evidence that McClain has ever provided the trial court with a response to the complaint or set forth his meritorious defense to Appellees' claims of sexual harassment, terroristic threats, and stalking. McClain could have, and should have, set forth a meritorious defense in his motion to open the default judgment. However, he failed to do so. That is the reason why the trial court denied his motion to open the default. We find no abuse of discretion in this regard as McClain failed to satisfy all of the requirements necessary to open a default judgment.[2] *See Myers*, 986 A.2d at 178.

---

[2] Nor is this Court convinced that McClain could provide a meritorious defense. McClain pleaded guilty and was sentenced to two to five years for his harassment of Appellees – the identical harassment that is at issue in this case. McClain has already admitted to engaging in the very conduct that Appellees assert he committed in this case that resulted in the 2017 judgment. Conceivably, this would negate any possible defense in this case.

For the foregoing reasons, the trial court's denial of McClain's petition to open the default judgment was proper.[3]

Order affirmed.

---

[3] Even assuming McClain pleaded a meritorious defense, the trial court properly denied his petition to open the default judgment because McClain failed to establish either of the other elements of the tripartite test. With respect to the first element, promptness, McClain has not demonstrated that he filed his petition to open promptly. The default judgment was entered in December 2017. He filed his petition to open nearly two years later in August 2019.

With respect to the third element, reasonable excuse, McClain alleges that on June 19, 2017, while he was incarcerated at the Curren-Fromhold Correctional Facility, a Philadelphia Municipal Court Judge ordered that his outgoing prisoner mail privileges be revoked due to his sending harassing and threatening letters to Appellees and others. (O.R. at 451.) He alleges that he drafted an answer to the complaint, placed it in a manila envelope addressed to the Philadelphia County Court of Common Pleas with first-class postage affixed to it. He claims he gave the envelope to jail officials on September 28, 2017, who in turn failed to mail it, ostensibly because the Philadelphia Municipal Court Judge had entered an order precluding him from sending any mail from the Curren-Fromhold Correctional Facility. (O.R. at 458-59.) He contends that he only got his mail privileges back when he returned to state custody on November 1, 2018, and, therefore, he could not send mail to the court. (McClain's Br. at 6-7.)

McClain's explanation that he was unable to respond to the complaint from June 19, 2017, to November 1, 2018, due to the June 19, 2017 order revoking his mail privileges is belied by the record. First, McClain was served with the complaint on May 3, 2017, which gave him over seven weeks to file a response even before his mail privileges were purportedly revoked. Second, his claim that he was unable to send mail from June 19, 2017, through November 1, 2018, is contradicted by the fact that during the time period when he was supposedly unable to send mail McClain sent another threatening letter to the home address of Ms. Canapary, which she received on January 29, 2018, stating that he was going to harm the head of CCP and Appellees' attorney. (O.R. at 602-04.) Moreover, a review of the criminal docket, which is included in the record, shows that even if his **mail** privileges were revoked, McClain was still able to file legal documents *pro se* with the trial court and regularly did so on February 1, 2018, February 19, 2018, March 13, 2019, March 21, 2019, May 9, 2019, October 15, 2019, October 21, 2019, and October 24, 2019 – all occurring during the time period during which McClain asserts he was unable to send mail. (O.R. at 589-600.) Finally, by his own account, McClain has been a state prisoner since November 1, 2018, so he had access to mail since that time, yet he still failed to respond to the complaint, and has not done so to this date.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Community College of Philadelphia,   :
Tara Timberman and Elizabeth   :
Canapary   :
  :   No.  974 C.D. 2020
       v.   :
  :
Ralph W. McClain, Jr.,   :
       Appellant   :

## *PER CURIAM*

## *ORDER*

AND NOW, this 28th day of July, 2022, the Motion to Quash the Appeal filed by Appellees Community College of Philadelphia, Tara Timberman and Elizabeth and Canapary is DENIED.  The March 12, 2020 order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.