J-S12004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ESTATE OF JOANNE M. BRADLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.B.E. GROUP A PENNSYLVANIA | : | |
| GENERAL PARTNERSHIP AND ASOK | : | |
| RAGHUNATHAN, INDIVIDUALLY AND | : | No. 2461 EDA 2021 |
| IN HIS CAPACITY AS GENERAL | : | |
| PARTNER | : | |
| | : | |
| | : | |
| APPEAL OF: ASOK RAGHUNATHAN | : | |

Appeal from the Order Entered November 9, 2021
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2020-006823

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED SEPTEMBER 16, 2022**

Asok Raghunathan ("Appellant") appeals from the order entered in the Court of Common Pleas of Delaware County on November 9, 2021, denying his petition to open a default judgment against him.  After careful review, we reverse and remand for further proceedings consistent with this memorandum.

The Estate of Joanne Bradley ("Appellee") initiated this civil action on October 13, 2020, with the filing of a complaint against Appellant and A.B.E. Group, a Pennsylvania General Partnership ("the Partnership"), after disputes arose between Appellant and Appellee concerning the assets of the

Partnership.[1]  The complaint included causes of action for judicial dissolution, access to partnership documents, breach of contract, breach of fiduciary duty, and unjust enrichment.  Complaint, 10/12/21, at ¶¶ 24-52.  Notably, Appellee sought, *inter alia*, an order directing Appellant to pay "the counsel fees and costs of the instant litigation…." *Id.* at ¶¶ 29(d), 37(e), 40(f), 46(f), 52(g). A default judgment was entered in favor of Appellee on August 4, 2021.  Trial Court Opinion ("TCO"), 12/13/21, at 1.[2]

On August 6, 2021, Appellant filed preliminary objections to Appellee's complaint seeking a demurrer as to the request for attorneys' fees only.  *See id.*; Petition to Open Judgment, 8/10/21, at Exhibit D ("Preliminary Objections" at ¶ 11) ("There is no statute or contract which allows an award of counsel fees in the instant case.").  Thereafter, on August 10, 2021, Appellant filed a petition to open the default judgment pursuant to Pa.R.Civ.P. 237.3(b)(2), and he attached to his petition a copy of the preliminary

---

[1] Appellant, Joanne Bradley ("Bradley"), and Edward Knorr ("Knorr") formed the Partnership in 1989 for the purpose of purchasing commercial real estate. *See* Complaint, 10/12/20, at ¶ 8.  Knorr died in July of 2011, leaving Appellant and Bradley as 50-50 partners in the Partnership.  *Id.* at ¶ 11.  In November of 2015, Bradley died, which left Appellant as the sole surviving partner.  *Id.* at ¶ 13.  Appellant sought to dissolve the Partnership and offered Appellee $48,999.00 for Bradley's 50% interest in the Partnership.  *Id.* at ¶ 20.  A dispute arose over the disposition of the Partnership assets and the calculation of Bradley's share.  *Id.* at ¶¶ 21-23.

[2] The trial court noted in its opinion that the complaint was reinstated on January 5, 2021, February 9, 2021, March 24, 2021, and June 3, 2021.  On July 16, 2021, after no answer was filed, Appellee filed a notice of intent to enter a judgment by default.  TCO at 1 n.1.

objections in compliance with Rule 237.3(b)(1).[3] Appellee filed a timely response to the petition, and a hearing was scheduled for November 9, 2021. Following the hearing on the petition, the trial court entered an order denying Appellant's petition to open the default judgment. Order, 11/9/21 (single page). On November 30, 2021, Appellant filed a timely appeal, followed by a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. The trial court issued its Rule 1925(a) opinion on December 13, 2021.

Herein, Appellant presents the following questions for our review:

1. Should [Appellant's] petition to open default judgment have been granted where the petition was filed within ten (10) [days] of the entry of the default judgment, and [Appellant] alleged a preliminary objection that stated a meritorious defense, pursuant to Pa.R.Civ.P. 237(b)(2)?

2. Was a meritorious preliminary objection to the complaint proposed where the complaint sought attorneys' fees without citation to any contractual agreement or statute?

3. Did the trial court err and abuse its discretion in requiring evidence relating to the reason for [Appellant's] lack of timely response to the complaint where a petition to open default judgment had been filed within ten (10) days of the entry of a default and a preliminary objection stating a meritorious defense had been attached to the petition?

Appellant's Brief at 4 (unnecessary capitalization omitted).

We review Appellant's claims mindful of the following well-settled principles:

---

[3] The text of Rule 237.3 is set forth in full *infra*.

A petition to open a default judgment is an appeal to the equitable powers of the court. The decision to grant or deny a petition to open a default judgment is within the sound discretion of the trial court, and we will not overturn that decision absent a manifest abuse of discretion or error of law.

*Smith v. Morrell Beer Distributors, Inc.*, 29 A.3d 23, 25 (Pa. Super. 2011).

Generally speaking, a default judgment may be opened if the moving party has (1) promptly filed a petition to open the default judgment, (2) provided a reasonable excuse or explanation for failing to file a responsive pleading, and (3) pleaded a meritorious defense to the allegations contained in the complaint.

*Myers v. Wells Fargo Bank, N.A.*, 986 A.2d 171, 175-76 (Pa. Super. 2009) (citing *McFarland v. Whitham*, 544 A.2d 929 (Pa. 1988); *Seeger v. First Union National Bank*, 836 A.2d 163 (Pa. Super. 2003) (footnote omitted)). "If a petition to open a default judgment fails to fulfill any one prong of this test, then the petition must be denied." *U.S. Bank Nat'l Ass'n for Pennsylvania Hous. Fin. Agency v. Watters*, 163 A.3d 1019, 1028 (Pa. Super. 2017) (citations omitted).

Additionally, Pennsylvania Rule of Civil Procedure 237.3, which governs relief from the entry of a default judgment, provides:

(a)   A petition for relief from a judgment of *non pros* or by default entered pursuant to Rule 237.1 shall have attached thereto a copy of the complaint, preliminary objections, and/or answer which the petitioner seeks leave to file. All grounds for relief shall be raised in a single petition.

(b)(1) If the petition is filed within ten days after the entry of a judgment of *non pros* on the docket, the court shall open the judgment if the proposed complaint states a meritorious cause of action.

(2)   If the petition is filed within ten days after the entry of a default judgment on the docket, the court shall open the judgment

- 4 -

> if one or more of the proposed preliminary objections has merit or the proposed answer states a meritorious defense.

Pa.R.Civ.P. 237.3. The note to Rule 237.3 clarifies that these provisions do not supplant the traditional, three-part test for opening a default judgment, but merely ease the burden of a party against whom judgment has been entered and who moves promptly for relief from that judgment. *See id.* at Note ("Rule 237.3 does not change the law of opening judgments. Rather, the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment.").

In the instant matter, the trial court applied the three-prong test as outlined in *Myers*, *supra*, in its consideration of Appellant's petition to open. *See* TCO at 2-4. It determined that the first prong of the test was met, since Appellant's petition was filed within ten days of the entry of judgment. *Id.* at 3. Thus, the court proceeded to evaluate the second prong and determined that Appellant failed to provide "any excuse whatsoever … as to why he did not file an answer" to the complaint. *Id.* at 4. Based on its finding that Appellant failed to satisfy the second prong, the trial court concluded that there was "no reason to proceed to the third prong of the test," *i.e.*, whether a meritorious defense was pleaded, and it denied Appellant's petition. *Id.* at 4-5.

Appellant claims that the trial court's denial of his petition to open the default judgment based on its analysis of the *Myers* three-prong test

constituted an error of law.[4]  ***See*** Appellant's Brief at 11.  Essentially, he argues that because his petition was filed within ten days of the entry of judgment, Rule 237.3 clearly applies and, thus, the trial court erred in requiring Appellant to explain the reason for his delay in filing a responsive pleading.  ***Id.  See also*** Pa.R.Civ.P. 237.3 at Note (explaining that the Rule presupposes a "reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment").  Appellant suggests, rather, that his petition to open should have been granted pursuant to Rule 237.3(b), so long as the court determined that one or more of his preliminary objections had merit.  ***Id.***  We agree.

As our Supreme Court explained, those litigants who file petitions to open a default judgment within ten days of its entry are excused from having to supply an independent "reasonable explanation" for the underlying default:

> Although Rule 237.3 does not alter the law of opening judgments…, it presupposes that a petition to open filed within the ten-day period is timely or prompt and that a reasonable explanation or excuse for the delay exists.  In so doing, the rule serves the salutary purpose of avoiding "snap judgment" and easing the procedural burdens of a party who promptly moves to open the judgment.  Indeed, relaxing the burden of proof by

---

[4] Appellant notes that some of the cases relied on by the trial court in its Rule 1925(a) opinion to support its application of the three-prong test are inapplicable here, as those cases involve petitions to open that were filed more than ten days after the entry of judgment.  ***See*** Appellant's Brief at 14 (citing, *e.g.*, ***Myers***, 986 A.2d at 175-76; ***Seeger***, 836 A.2d at 163).  We further observe that the trial court also relied on cases which predate the December 1994 adoption of Rule 237.3.  ***See*** TCO at 3-4 (citing ***McFarland***, 544 A.2d at 929; ***Romeo v. Looks***, 535 A.2d 1101 (Pa. Super. 1987)).

presuming that a legitimate excuse for the delay exists is appropriate in this context, since the delay is not lengthy.

*Simmons v. Luallen*, 763 A.2d 810, 812 (Pa. 2000) (internal citations omitted). *See also Horwath v. DiGrazio*, 142 A.3d 877, 882 (Pa. Super. 2016 (same); *Boatin v. Miller*, 955 A.2d 424, 427 (Pa. Super. 2008) ("[U]nder Rule 237.3(b), a trial court **must** open a default judgment, if the petitioner files a petition to open within ten days of its entry and states a meritorious defense.") (emphasis added).

Here, Appellant filed his petition to open within the applicable ten-day period and attached a copy of his preliminary objections, satisfying the procedural requirements of Rule 237.3. Hence, pursuant to Rule 237.3(b)(2), the trial court should have presumed that the petition was timely filed and that a reasonable explanation for the delay in filing a responsive pleading existed. *See Simmons*, 763 A.2d at 812; *Horwath*, 142 A.3d at 882; *Boatin*, 955 A.2d at 427. The only relevant point of inquiry for the trial court at this juncture was whether Appellant had alleged a meritorious defense in his preliminary objections. *See* Pa.R.Civ.P. 237.3(b)(2). The trial court failed, however, to examine the merit of the preliminary objections, due to its disposition regarding the petition to open. *See* TCO at 4 (concluding that Appellant did not meet the second prong of the three-prong test and therefore there was no reason to proceed to the third prong).[5]

_____

[5] The trial court also seems to suggest that it may have disregarded Appellant's preliminary objections simply because they were not filed prior to
*(Footnote Continued Next Page)*

Thus, having determined that Rule 237.3 applies, we consider whether Appellant's preliminary objections have merit. In doing so, we are guided by the following:

> "Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint." *Liberty Mut. Ins. Co. v. Domtar Paper Co.*, 77 A.3d 1282, 1285 (Pa. Super. 2013) (citation omitted). We review the trial court's decision for an error of law. *Id.* As this presents a purely legal question, the standard of our review is *de novo*. *Bruno v. Erie Ins. Co.*, … 106 A.3d 48, 56 ([Pa.] 2014).
>
> "Pennsylvania is a fact-pleading state[.]" *Foster v. UPMC S. Side Hosp.*, 2 A.3d 655, 666 (Pa. Super. 2010) (citation omitted). To be legally sufficient, "a complaint must not only give the defendant notice of what the plaintiff's claim is and the grounds upon which it rests, but the complaint must also formulate the issues by summarizing those facts essential to support the claim." *Feingold v. Hendrzak*, 15 A.3d 937, 942 (Pa. Super. 2011) (citation omitted).
>
> "Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief." *Id.* at 941 (citation omitted).

---

the entry of the default judgment. *See* TCO at 4 ("Appellant seeks to allege that he raised a meritorious defense to the complaint in his preliminary objections…; however, this court notes that his preliminary objections were … untimely filed and were filed after the default judgment was entered….") (cleaned up). We emphasize, "the only date that is relevant for determining whether [a] petition to open was timely filed is the date on which the judgment was entered on the docket." *Attix v. Lehman*, 925 A.2d 864, 867 (Pa. Super. 2007). Here, Appellant's petition was timely, and Rule 237.3(a) permits a litigant to submit preliminary objections as an attachment to a petition to open. *See* Pa.R.C.P. 237.3(a). Thus, Appellant's failure to file the instant preliminary objections prior to the entry of a default is immaterial, since Appellant submitted the filing in his petition to open.

In reviewing the propriety of the court's grant of preliminary objections in the nature of a demurrer, we apply the same standard as the trial court, which must resolve the objections "solely on the basis of the pleadings[.]" **Hill v. Ofalt**, 85 A.3d 540, 547 (Pa. Super. 2014) (citation omitted). "All material facts set forth in the pleading[s] and all inferences reasonably deducible therefrom must be admitted as true." **Id.** (citation omitted). "[N]o … evidence outside the complaint may be adduced and the court may not address the merits of matters represented in the complaint." **In re Adoption of S.P.T.**, 783 A.2d 779, 782 (Pa. Super. 2001).

**Catanzaro v. Pennell**, 238 A.3d 504, 507-08 (Pa. Super. 2020).

Additionally, we recognize:

"The requirement of a meritorious defense is only that a defense must be pleaded that if proved at trial would justify relief. The defense does not have to prove every element of its defense[;] however, it must set forth the defense in precise, specific and clear terms."

**Penn Delco School v. Bell Atlantic-PA**, 745 A.2d 14, 19 (Pa. Super. 1999) (citations omitted). Merely asserting in a petition to open default judgment that one has a meritorious defense is insufficient. **Id.** The moving party must set forth its meritorious defense. **Id.** If any one of the alleged defenses would provide relief from liability, the moving party will have plead a meritorious defense and will have satisfied the third requirement to open the default judgment." **Id.**

**Seeger**, 836 A.2d at 166.

Instantly, Appellant claims that his preliminary objections "set forth a viable legal defense, namely that [Appellee] asserted no legal basis for any award of legal fees as there were [*sic*] no statutory or contractual right." Appellant's Brief at 11. Specifically, Appellant's preliminary objections averred, in relevant part:

6. In the *ad damnum* clause in each count, [Appellee] seeks "an Order directing that [Appellant], individually, pay the counsel fees

and costs of the instant litigation as a result of his failure to fulfill his fiduciary duty and his failure to act in accordance with the Pennsylvania Uniform Partnership [Act,] … as well as the Partnership Agreement he entered into." **See** Exhibit "A[."[6]]

### Count I – Demurrer To Dismiss All Claims
### for Attorneys' Fees

7. [Appellant] incorporates by reference the foregoing allegations, which are repeated and re-alleged as if set forth herein fully and at length herein.

8. Pa.R.Civ.P. 1028(a)(4) permits a party to file preliminary objections asserting the legal insufficiency of a pleading.

9. Under Pennsylvania law, the parties to litigation are responsible for their own legal fees unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception.

10. In the Complaint, [Appellee] apparently seeks counsel fees against [Appellant] in the "Wherefore" clauses.

11. There is no statute or contract which allows an award of counsel fees in the instant case.

12. Accordingly, all claims for counsel fees must be dismissed, with prejudice.

WHEREFORE, [Appellant] respectfully request[s] that all claims for attorneys['] fees dismissed, [*sic*] with prejudice.

Preliminary Objections at ¶¶ 6-12.

Appellant is correct in stating the parties are responsible for their own legal fees absent any statutory authority, agreement by the parties, or some other recognized exception. **See** Appellant's Brief at 20 (citations omitted). We have expressly recognized that "under the American Rule, applicable in

---

[6] Appellant attached a copy of the complaint to his preliminary objections as "Exhibit 'A.'"

- 10 -

Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." ***Slomowitz v. Kessler***, 268 A.3d 1081, 1107 (Pa. Super. 2021) (citing ***Trizechahn Gateway LLC v. Titus***, 976 A.2d 474 (Pa. 2009)).[7]  If proven that there is, indeed, no statute or agreement by the parties in the instant case which provides for the recovery of attorneys' fees, and no other relevant exception applies, Appellant will be entitled to relief.  Accordingly, we conclude that Appellant has provided a meritorious defense and is entitled to an opening of the default judgment entered against him.

Accordingly, we reverse the November 19, 2021 order denying Appellant's petition to open the default judgment, and we remand for proceedings consistent with this memorandum.

Order reversed.  Case remanded.  Jurisdiction relinquished.

_____

[7] Our review of the record reveals that no such statute, contractual provision, or exception was pleaded in Appellee's complaint.  We further observe that Appellee merely states in its answer to Appellant's petition to open that 42 Pa.C.S. § 2503(9) provides for the reasonable award of counsel fees to "[a]ny participant who is awarded counsel fees because the conduct of another party in commencing the action or otherwise was arbitrary, vexatious or in bad faith."  Answer to Petition to Open, 8/30/21, at ¶ 12.  However, Appellant did not commence this action, and Appellee has not asserted any claim that Appellant's conduct was "arbitrary, vexatious or in bad faith."  ***See*** Complaint, generally.  ***See also Hill***, 85 A.3d at 547 (stating that no evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer).

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/16/2022